### SAMUEL H. SAWYER *versus* HENRY PENNELL.

A schedule referred to in a mortgage of personal property, as a part of the same, must, equally with the mortgage, be recorded in the town clerk's office, to give effectual notice to the public.

If the mortgage be recorded, and the schedule thus referred to is not, this is not a sufficient compliance with the provisions of st. 1839, c. 390.

Notice to the creditor, prior to the attachment of a mortgage of personal property, supersedes, as to such creditor, the necessity of recording the mortgage.

But such notice, to be effectual, should be a notice of all which the statute requires to be recorded.

Where there was a schedule referred to, and made part of the mortgage, notice to the creditor that the goods were claimed by the mortgagee under the mortgage, they being part of the goods conveyed by such mortgage, is not sufficient, without clear notice of such schedule — and the mortgage and schedule being treated as distinct, notice of the existence of the schedule is not therefore to be inferred.

The object of recording is, that creditors may know the situation and the value of the property pledged, and the sum thereby secured — so that if they should think proper, they might discharge the debt thus secured, and attach the property mortgaged.

If the mortgage and schedule are left with the clerk, while they remain unrecorded, they are sufficient notice to the public — but after the clerk has made his record, that is the only record the law recognizes.

EXCEPTIONS from the District Court.

This was an action of trespass *de bonis asportatis,* to recover damages for certain goods taken by the defendant on the 4th of Feb. 1840.

The general issue was pleaded.   The defendant likewise filed a brief statement, in which he justified as a deputy sheriff, and alleged, that as such deputy sheriff, he took the goods on a writ sued out by one Daniel Ham, against one Thorndike Sawyer, as the property of said Thorndike.

To prove his property in the goods, the plaintiff read to the jury a mortgage of personal property, conveying the articles in the plaintiff's declaration, dated Aug. 15, 1839, and proved the due execution of the same, and the delivery of the goods by virtue thereof on the 16th of the same August.   He also proved that the defendant and said Ham were notified prior to

the taking alleged in the plaintiff's writ, that said goods were claimed by him under the mortgage aforesaid, the same being parcel of the goods conveyed by said mortgage.

The mortgage was of "all the articles, stock, and merchandize, of every nature and description, in the store now occupied by me, the said Thorndike, which are set forth and specified, and particularly enumerated in the schedule hereunto annexed, which said schedule constitutes a part of this mortgage bill of sale," and was given to secure a note of even date with the mortgage, for five hundred and seventy-five dollars, payable in six months from date, with interest.

It appeared, from the records of the town of Gray, where the mortgagee resided, that the schedule annexed to the mortgage, containing the description of the articles, and which was referred to as making part of said mortgage, was not recorded in the town clerk's office of Gray, but only the body of said mortgage. This mortgage was received into the office of the town clerk on the 16th day of August, as appears from the certificate of the clerk on the back of said mortgage.

Upon this evidence, Whitman J. who presided at the trial, being of opinion that the evidence produced was not sufficient to maintain the issue on the part of the plaintiff, ordered a nonsuit, to which order the plaintiff filed exceptions.

*Deblois*, for the plaintiff. The notice of the existence of the mortgage, which was given to the defendant and the creditor, prior to the attachment, in this case was sufficient. Recording the mortgage is required only to give notice to all the world that the mortgagee claims to hold the property by virtue of the mortgage. The same principles apply here, as in the case of mortgages or other conveyances of real estate.

The object of the statute of enrolments is to give notoriety to conveyances — and if that object be completely attained without a registry, the purpose of the law is fully answered, though the terms of the statute be not complied with. *Marshall* v. *Fisk*, 6 Mass. R. 30 ; *Farnsworth* v. *Child*, 4 Mass. R. 639; *Davis* v. *Blunt*, 6 Mass. R. 487 ; *Brown* v. *Maine*

*Bank*, 11 Mass. R. 158; *Priest* v. *Rice*, 1 Pick. 164; *State of Connecticut* v. *Bradish*, 14 Mass. R. 296.

Now the reasoning, by which notice in the case of conveyances of real estate has been held to supersede the necessity of recording, applies equally to mortgages of personal property. Notice was the object in each case, and when that is shown it is enough. *Bullock* v. *Williams*, 16 Pick. 35.

The presiding judge erred in ruling that the mortgage was inoperative because the schedule was not recorded. The statute no where requires that to be recorded — the statute is to be construed strictly. *Melody* v. *Reab*, 4 Mass R. 473; *Gibson* v. *Denny*, 15 Mass. R. 205. All that is necessary is that the property be so described that it can be identified. That can be sufficiently done by the mortgage without the schedule — and as notice is all that the statute requires, that is sufficiently given by recording the mortgage — all the property in the store was conveyed, and recording the mortgage would be merely a work of supererogation. *Forbes* v. *Parker*, 16 Pick. 462.

The schedule and mortgage were both left in the town clerk's office. St. 1839, c. 390, § 3 provides that any such mortgage shall be considered as recorded at the time when it is left for such purpose in the clerk's office. *Dudley* v. *Sumner*, 5 Mass. R. 439.

*W. Goodenow*, for the defendant.

The opinion of the Court was delivered by

TENNEY J. — This being an action of trespass against the officer who attached upon a writ the property in question, which had been previously mortgaged and delivered to the plaintiff, and there being no fraud alleged on either side to have existed, it is a dispute between two *bona fide* creditors of the same debtor, each asserting a right to hold the property.

The defendant, representing one creditor, contends that the debtor had not so divested himself of the property by his mortgage to the plaintiff as to allow him to maintain this action, inasmuch as the entire mortgage had not been recorded before

the attachment. The plaintiff on the other hand contends that the mortgage was recorded notwithstanding the schedule referred to therein was not. The language in the mortgage from Thorndike to Samuel Sawyer is, "all the articles, stock and merchandise of every nature and description in the store now occupied by me, the said Thorndike, which are set forth and specified and particularly enumerated in the schedule, hereunto annexed, which said schedule constitutes a part of this mortgage bill of sale." This schedule not being recorded, was the requirement of the statute satisfied? We may well suppose one design of the statute in requiring that mortgages of personal property should be recorded to be that creditors of the mortgagor may have full opportunity to know the kind, the situation and value thereof, as well as the debt intended to be secured, when the goods are suffered to remain with the mortgagor and to be treated as his own. To protect such an object, the description should be so specific, as to enable all interested to identify the property, aided by the inquiries, which itself would direct. This mortgage is of "all the articles, stock and merchandise of every nature and description in the store occupied by the mortgagor." This is a very general description, and one which would give the person holding under such an instrument no little trouble in tracing the property, if it should be removed from the store; for the means might not exist, to show that such articles were those which were in the store at the date of the mortgage and the delivery of the goods; and they being left in the custody of the mortgagor, it would seem reasonable, that the mortgagee should insist upon a more specific and certain description. And if such would be essential to the preservation of his rights, by taking such security, when he had full opportunity of seeing, knowing, and taking delivery of the goods, it is not easy to perceive, why it may not at least be equally important to those whose interests are to be protected by the recording such instrument, when that record may be the only means of knowledge of the debtor's ability to pay. We do not mean to say, that the description in this mortgage is so general that it would

not be a valid mortgage, if there had been no other more particular; but if it had contained in itself a more specific enumation of the articles, with their value, we think the mortgage would not have been recorded, within the meaning of the statute, if the latter part had been omitted. If the mortgagee protects himself by such a description as this schedule contains, it is not for him to exclude other creditors from the means of equal knowledge. When the parties to the mortgage, one of whom is the plaintiff, have annexed the schedule, describing the kind and the value of each item, and say in the mortgage, that *this shall constitute a part of the mortgage*, it is not for us to deny that they intended, what this language clearly imports; we must regard it essential in their opinion, and we are to carry out their meaning, so expressed, especially when the rights of others are involved. We think the mortgage was not recorded, as required by the statute, previous to the attachment.

Did then the notice given to the defendant and the attaching creditor, before the attachment, supersede the necessity of recording the whole mortgage and schedule? It is urged that decisions in analogous cases, put at rest this question in favor of the plaintiff. It is the settled law of the land, that notice to a party of a conveyance of real estate, made before he claims to have derived rights by a second deed or an attachment, is tantamount to an acknowledgement and registry. So if a purchaser enter under his deed not recorded, and while he is in the actual and open possession, it is such presumptive evidence of the conveyance, that he shall hold against the second purchaser, although the deed of the latter shall be first recorded — for the conveyance to the second purchaser is fraudulent. *Marshall* v. *Fisk*, 6 Mass. R. 30; *Worsely & al.* v. *Mattos & al.* 1 Bur. 474.

The language of the statute requiring the acknowledgement and registry of deeds of real estate, is equally strong and full with that which requires the recording of mortgages of personal property; and this requirement in the former case is not dispensed with by the courts. When the legislature have declared what

shall be the proof of transfer of title, no other proof can be substituted; and in the numerous decisions on the subject, it is not put upon any such ground; but that the second purchase or attachment is void, as against the previous grantee, being actually or constructively fraudulent. Was the notice in this case of such a character, as to render the record of the mortgage unnecessary? A full record is all the statute requires, and no notice can be better than such record; and if the verbal notice given to the defendant and the creditor, contained no more full description, or if it was not a notice of the contents of the schedule, it certainly could give no benefit to the creditor, which he could not have derived by means of the record. If, on the other hand, it was the communication of the contents of the entire mortgage, including the schedule, we think it comes within the principles relied upon by the plaintiff, and he attempts to take the case out of the operation of the statute by showing the conduct of the defendant and the attaching creditor fraudulent; and it devolves upon him to establish this clearly. What, then, is the extent of the notice given to the creditor and his officer, who had the writ, previous to the attachment? The evidence reported is as follows:—" to prove the property in said goods, the plaintiff produced and read to the jury a certain mortgage of personal property, conveying the articles in the plaintiff's declaration mentioned, dated the 15th day of August, 1839, and proved the due execution of said mortgage, and the delivery of said goods to him by virtue of the same, on the 16th day of the same August. The said mortgage and schedule annexed to the same are to be copied," &c. The plaintiff proved that the defendant and said Ham were notified prior to the taking alleged in the plaintiff's writ, that said goods were claimed by him under the mortgage aforesaid, the same being parcel of the goods, conveyed by said mortgage. It does not appear, that the mortgage and schedule, or either, were presented to the defendant or attaching creditor, or that they saw them; they were notified of the plaintiff's claim, by virtue of the mortgage aforesaid. "Aforesaid" refers to something preceding; in the first sentence quoted, the lan-

guage is, " the plaintiff produced and read to the jury a certain mortgage " and " proved the due execution of *said mortgage.*" In the next sentence, " said mortgage and schedule, &c. are to be copied "— then follows the sentence, that the defendant and Ham were notified of " the mortgage aforesaid." The mortgage is spoken of as distinct from the schedule, and we think, on a fair construction, we are not authorized to infer that they had full notice of the schedule. And we do not think that the notice before the attachment, that the goods attached were a part of those embraced in the mortgage, would be sufficient. The record, imperfect as it was, might have conveyed all this information; but the material part of the required record would seem to be, that creditors might know the situation and the value of the property pledged, together with the sum thereby secured, that they could, if thought proper by them, discharge the debt thus secured, and attach the goods. The notice given, would not give this important intelligence — and was therefore insufficient.

It is again insisted, that the schedule being annexed to the mortgage, the entry with the town clerk was alone all that the statute required. If the mortgage and schedule were left with the town clerk, and duly entered by him, and both were remaining in his office unrecorded, it might have been sufficient, for the originals of both could have been seen and examined, and were all which was in the office indicative of the plaintiff's claim; but when it appeared that the town clerk had made up his record, it was that only which the law treats as the evidence required. When a party interested found the mortgage without the schedule extended upon the record, he is not presumed to be advertised, from that circumstance, that the schedule existed at that time, and was to be found in the office — much less to be apprized of its contents, although it might have still remained there; which, however, does not appear.

*The exceptions are overruled.*