## Case No. 2,955.

### COGGESHALL v. POTTER et al.

[Holmes, 75;[1] 6 N. B. R. 10.]

Circuit Court, D. Rhode Island. Oct., 1871.[2]

UNRECORDED CHATTEL MORTGAGE — BANKRUPTCY —BONA FIDE PREFERENCE — PETITION FOR REVIEW—BURDEN OF PROOF.

1. A mortgage of personal property valid as between the parties, and not fraudulent under the bankrupt act, is good against the assignee or trustee of the mortgagor in bankruptcy, although not recorded as required by law of the state in which it is made.

[Cited in Rogers v. Winsor, Case No. 12,-023; Johnson v. Patterson, Id. 7,403; Schulze v. Bolting, Id. 12,489; Re M'Kenna, 9 Fed. 34.]

2. The second clause of the thirty-fifth section of the bankrupt act [of 1867 (14 Stat. 534)], declaring void certain conveyances of his property by a bankrupt, does not apply to a bona fide preference of one of his creditors, made more than four months before the proceedings in bankruptcy.

[Cited in Clark v. Hezekiah, 24 Fed. 667.]

3. On petition for review of the finding of the district court, in bankruptcy, on a matter of fact, the burden is on the petitioner to show that the evidence cannot support the finding.

[Cited in Re Mooney, Case No. 9,748.]

In bankruptcy. Petition for review of a decision of the district court holding valid a mortgage of personal property given by Joseph Dow, a bankrupt, as security to one of his creditors. [Case No. 11,322.] The petitioner [James H. Coggeshall] was trustee of the bankrupt's estate, duly appointed under the bankrupt act. The mortgage in question was given by the bankrupt more than four months before, but within six months of, the commencement of the proceedings in bankruptcy. It described the mortgaged property only by reference to certain annexed schedules. The mortgage itself was duly recorded in the office of the clerk of the city of Providence, under the law of the state; but the schedules annexed were never recorded.

[The petition in the district court to de-

---

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]
[2] [Affirming Case No. 11,322.]

termine the validity of the mortgage was filed by Potter, Denison & Co.]

James Tillinghast, for petitioner.

A. Payne, and Ashley & Colwell, for mortgagees.

SHEPLEY, Circuit Judge. This is a petition under the first clause of the second section of the bankrupt act, for the exercise of the supervisory jurisdiction of the circuit court. The first question presented for adjudication is, whether, in the absence of fraud, the assignee takes only such rights and interests as the bankrupt himself had and could assert at the time of his bankruptcy, or whether he is to be considered as a purchaser for a valuable consideration, in the proper sense of those terms. Joseph Dow, the bankrupt, on the twenty-fourth day of December, 1867, made a chattel mortgage to Potter, Denison & Co., in the common form, which was acknowledged on the same day, and lodged for record on the twenty-sixth day of December, in the same year. The property mortgaged was described as "the articles of personal property enumerated and described in the schedules and bills marked respectively A, B, C, and D, hereto annexed, and constituting a part of this mortgage." These schedules, although attached to the mortgage, and forming a part thereof, and although left with the mortgage at the office of the city clerk in Providence, were not in fact recorded. The mortgage which was recorded contained no enumeration or description of the articles conveyed; so that the record-book gave to inquirers no other information than that contained in the general description referring to the schedules. While the mortgage and schedules were remaining in the city clerk's office unrecorded, after having been received and entered by him, the originals of both could have been seen and examined, and were all which could be found in the office indicative of the claim of the mortgagee. But after the clerk has extended his record, it is that only which the law treats as the evidence required. Sawyer v. Pennell, 19 Me. 173. If, therefore, the assignee of the bankrupt, or, as in this case, the trustee, is to be considered as entitled to the same rights as an attaching creditor, or a purchaser for a valuable consideration without notice, he would take a good title as against Potter, Denison & Co., who claim under the unrecorded mortgage. Under the English bankrupt act, Lord Hardwicke, in Brown v. Heathcote, 1 Atk. 160, 162, says: "The ground the court goes upon is this, that assignees of bankrupts, though they are trustees for creditors, yet stand in the place of the bankrupt, and they can take in no better manner than he could." See, also, Jewson v. Moulson, 2 Atk. 417, 420; Mitford v. Mitford, 9 Ves. 87, 100; Worrall v. Marlar, 1 P. Wms. 459, note. Under the bankrupt act of 1841 [5 Stat. 440], in the case of Mitch-

ell v. Winslow [Case No. 9,673], Mr. Justice Story says: "Now it is most material to bear in mind, under this aspect of the case, that it is a well-established doctrine, that (except in cases of fraud) assignees in bankruptcy take only such rights and interests as the bankrupt himself had, and could himself claim and assert, at the time of his bankruptcy; and consequently they are affected with all the equities which would affect the bankrupt himself, if he were asserting those rights and interests." See, also, Winsor v. McLellan [Id. 17,887]; Ex parte Newhall [Id. 10,159]; Fiske v. Hunt [Id. 4,831]. But it is urged with much force and ability on the part of the petitioner, that the decisions of Mr. Justice Story above cited, having been made under the bankrupt act of 1841, are not applicable to the statute now in force. Reliance is placed upon the distinction in the phraseology of the respective sections of the act of 1841 and the act of 1867, saving the rights of mortgagees. The second section of the bankrupt act of 1841 provided "that nothing in this act contained shall be construed to annul, destroy, or impair any lawful rights of married women, or minors, or any liens, mortgages, or other securities on property, real or personal, which may be valid by the laws of the states respectively, and which are not inconsistent with the provisions of the second and fifth sections of this act." The proviso in the act of 1867 is, "that no mortgage of any vessel, or of any other goods or chattels, made as security for any debt or debts, in good faith and for present consideration, and otherwise valid and duly recorded, pursuant to any statute of the United States, or of any state, shall be invalidated or affected hereby." The fourteenth section of the act of 1867 vests in the assignee (with certain specified exceptions) all the property and estate of the bankrupt, and all the property conveyed by the bankrupt in fraud of his creditors; and authorizes him, "under the order and direction of the court, to redeem or discharge any mortgage, or conditional contract, or pledge or deposit, or lien upon any property, real or personal," &c.

It must be borne in mind, in determining this question, that the statute of Rhode Island, like the statute of Maine, under consideration in the case of Mitchell v. Winslow [supra], decided by Mr. Justice Story, expressly recognizes the validity of an unrecorded mortgage of personal property between the parties, so that if the assignee is to be considered as merely standing in the place of the bankrupt, he would, in contemplation of law, be one of the parties to the instrument, and, as against him, no record would be necessary. The literal terms of the proviso, it is true, only save mortgages which have been duly recorded. But can it therefore be inferred that those mortgages are not saved which are valid by the laws of the respective states which need no record? Are

mortgages which are good at common law, and mortgages otherwise valid, made in states where there is no provision for the recording of mortgages, avoided by the bankrupt law, while those are upheld which are made and recorded in states requiring a record? Such could not have been the intent of the statute or the object of the proviso. The proviso, as stated by Judge Lowell (Ex parte Dalby [Case No. 3,540]), "appears to have been inserted out of greater caution, lest it should be supposed that valid chattel mortgages should be affected by the assignment, and not with any view of construing the laws regarding record; and so if the mortgage be one that requires no record,—as if it be executed in a state having no statute on the subject, or if, as in this case, record is not required between the parties,—the proviso will not defeat it." The language of Mr. Justice Field, in the opinion in the case of Second. Nat. Bank of Leavenworth v. Hunt, 11 Wall. [78 U. S.] 391, might seem at first glance to favor a different construction; but, on more careful examination, it will appear that the decision is placed upon the ground that the mortgage was not valid by the laws of Kansas, and was fraudulent as against creditors.

Two other questions decided by the district judge are presented for revision,—one a question of law on the construction of the statute, the other a question of fact upon the evidence in the case. The district judge in effect decided, that, after the lapse of four months from the date of the conveyance, simple preferences of a bona fide creditor by an insolvent debtor not otherwise fraudulent are to be held valid, so far as the preferred creditor is concerned. Prior to the passage of the bankrupt act, the acts described in the thirty-fifth and thirty-ninth sections were such as were not forbidden by the common law, or, generally, by the statutes of the different states. A preference by an insolvent, or a person approaching insolvency, may sometimes be unjust to other creditors, and, under other circumstances, may be the dictate of the purest justice in reference to all concerned. Preferences are not in their essential nature necessarily immoral or dishonest. The bankrupt act of 1867 gives priority to five classes of debts, to be first paid in full in the order in which they are successively named in the act. Congress, therefore, has adopted a purely conventional rule to determine the validity of mortgages given as security for bona fide debts, and which operate as preferences. The creditor who receives payment or security to the exclusion of other creditors, with the knowledge, express or implied, of the insolvency, does so at the risk, that, if within four months the debtor himself or his creditors shall invoke the aid of the law providing for an equal distribution, the transaction will be invalidated, and the property thus received must go into the common fund for distribution. This question of construction of the first clause of the thirty-fifth section, considered in connection with the second clause of the same section and the thirty-ninth section, is so fully considered in the very able opinion of the circuit court of the United States for the district of Missouri, in the case of Bean v. Brookmire [Case No. 1,168], that we deem it unnecessary to say more upon this point than to express our entire concurrence with the reasoning and decision in that case. Sustaining, therefore, as we do, the decision of the district judge, that the second clause, commonly called the "six-months' clause," of the thirty-fifth section of the act, is not applicable to the case of a simple preference by a bankrupt of a creditor's claim, his decision upon the question of fact, that the circumstances of the transaction between Dow, the bankrupt, and Potter, Denison & Co., did not, in point of fact, bring the case within the provisions of the second clause, becomes comparatively immaterial. Appellate courts, even in appeals, proceed upon the ground that the decree in the subordinate court was correct; and the burden to show error is upon the appellant. The Baltimore, 8 Wall. [75 U. S.] 377, 382. Matters of fact, as well as matters of law, may doubtless be revised in the circuit court; but it was not the intention of congress, in this form of proceeding, to give a party a second trial merely as such, but to secure to him an appellate tribunal for the re-examination and revision of the rulings, orders, and decrees of the district courts, and for the reversal of the same in case they are found to be erroneous. Littlefield v. Canal Co. [Case No. 8,400]. When the revisory jurisdiction of the circuit court is invoked over the decision of the district court upon a question of fact, the burden is on the petitioner for review to show error in the decision. It is not sufficient merely to show such a condition of the testimony in the case, that different minds, with equal fairness, might possibly arrive at different conclusions, but to show, more nearly in analogy to the case of a motion for a new trial, that the evidence cannot support the finding. After a careful revision of the testimony, we see no reason for disturbing the decision of the district judge. Decree affirmed, with costs.