# U. S. CIRCUIT COURT.

## In re JOSEPH MOONEY and ISAAC MOONEY.

*Bankruptcy — Assignee — what is necessary to entitle the assignee to an order directing bankrupt to pay or deliver over money or property.*

To entitle an assignee to an order directing a bankrupt to pay or deliver over money or property, it must affirmatively appear:
  1. That the bankrupt has possession of it.
  2. That he has refused to deliver it on demand made.
If the bankrupt renders an account of the property sought to be reached, it is not sufficient that the account is *unreasonable;* there must be evidence of its untruth (*Per* BLATCHFORD, *J.*).
On an application to review the decision of the district court upon the question whether the bankrupt has made a full disclosure in obedience to an order requiring it, the proposition to be made out by the petitioner must be that a reasonable man would not be able to give credit to the relation given by the bankrupt, but would be satisfied of its substantial untruth (*Per* JOHNSON, *J.*).

THE above-named bankrupts were duly adjudged bankrupts by the district court, upon a petition filed against them by their creditors, on the 4th of August, 1874.

The said bankrupts filed their schedules in this matter, and James T. Leavitt was appointed assignee.

The assets of the bankrupts were turned over to the assignee, and consisted, according to his statement, of the remainder of their stock of goods, which was sold at auction under the direction of the assignee, and from which sale was realized in gross the sum of $4,010.06.

The said bankrupts claimed to have no cash on hand, and none was received by the assignee except such as was realized from the sale aforesaid, and about $800 collected from some

outstanding accounts due the bankrupts, and safe and pictures.

The debts and bills receivable set out in .the schedules were surrendered to the assignee.

The debts owing by the said bankrupts amounted to about $55,000, principally for merchandise.

At the time of their bankruptcy the said debtors were engaged in the city of New York, in the business of manufacturing of clothing.

On the 27th day of November, 1875, a petition, affidavit and notice of motion was served on the bankrupts, and filed in the district court by the assignee, praying that the bankrupts be required to account and pay over to him the following property and moneys, to wit: The sum of $7,147.05, drawn by Joseph Mooney from January 1, 1874, to July 16, 1874. The sum of $8,421.10, drawn by Isaac Mooney during the same time. The sum of $1,600 paid to and drawn by Leopold Mooney, from April, 1873, to July 16, 1874. The sum of $3,200 drawn out over the real expenses of their business from April 30, 1874, to July 16, 1874; and also merchandise, or the proceeds thereof, of the value of $30,000 and over. That the said bankrupts be cited to appear and account for and pay over such property or such part thereof as the court may find that they possessed, owned or had under their control and possession at the time of the filing of the petition in bankruptcy, and that upon their failure to comply with the order or decree of this court to be made in the premises, they and each of them be attached and punished as for a contempt of court, and that such other relief be granted as may be just.

To this petition the bankrupts answered as follows:

The bankrupts, Joseph Mooney and Isaac Mooney, answer the petition of the assignee herein, as follows:

They admit having on hand on the 1st day of January, 1874, goods of the value of about $10,000, and that they thereafter, up to the time of their failure, purchased goods of the value of $65,906.16 or thereabouts, out of which they sold

goods of the value of about $49,802.71, leaving a balance to be accounted for of about $16,000, exclusive of profits.

At the time of their adjudication they had on hand goods of the cash value of about $30,000, which, in fact, cost about $40,000, all of which they surrendered and delivered up to their assignee herein.

They have fully and fairly accounted to said assignee for all property or money belonging to their estate at the time of their failure, and all moneys drawn by them or paid to any person was drawn and paid in good faith, and duly and regularly entered in their books, in the possession of said assignee.

The money drawn by said bankrupts for their personal use, up to the date of their adjudication, has been duly accounted for.

The money paid to Leopold Mooney was paid to him in good faith, and so appears from the books of said bankrupts as having been money deposited by him with them, covering a period of about nine years prior to said adjudication.

And further answering the petition of said assignee, said bankrupts aver that prior to making said petition, said assignee commenced two certain suits in the United States district court for the southern district of New York; one against the said Leopold Mooney and the other against H. Rich, to recover from them the identical sums of money sought to be reached by this present proceeding, which said suits are now pending and undisposed of, and said bankrupts urge the pendency thereof in bar of this present proceeding.

On the 10th day of June, 1876, a reference was ordered to Isaac Dayton, one of the registers in bankruptcy, to examine the bankrupts as to the property, and the several sums of money alleged in the petition of the assignee to have been in their possession at the time the petition in bankruptcy in this proceeding was filed against them.

The bankrupts appeared before the register and were examined, and the referee reported, as the result of the exami-

nation, and in his opinion, that the said bankrupt, Isaac Mooney, has not fully accounted for the said sum of $7,149.05 received by him at or about the time of the filing of the petition in bankruptcy herein; that the said Joseph Mooney, at the time of the filing of the petition, had in his possession at least the said sum of $3,300.

And the said bankrupt, Isaac Mooney, has not fully accounted for the said sum of $8,421.10 received by him at or about the time of the filing of the petition in bankruptcy herein; that the said Isaac Mooney has not accounted for $3,300 of the said sum of $8,421.10; and that the said Isaac Mooney, at the time of the filing of the petition in bankruptcy herein, had in his possession at least the said sum of $3,300.

And that an order ought to be made in the said bankruptcy, requiring the said bankrupts, each of them, to pay and deliver to the assignee in bankruptcy the said sum of $3,300 so as aforesaid, at the time of the filing of the petition in bankruptcy herein, in their possession.

Upon this report a motion was made for the order prayed for in the petition of the assignee, which motion was denied by judge BLATCHFORD in the district court, as follows:

BLATCHFORD, J. — I am unable, on the evidence, to concur in the conclusion that the bankrupts are shown to have had in their possession or under their control, at the time the petition in bankruptcy was filed, any of the moneys which they drew out of the assets of their firm before such petition was filed. Therefore the prayer of the assignee's petition, in respect to such moneys, must be denied.

From which decision an appeal was taken by the assignee to the United States circuit court.

*Blumensteel & Ascher*, for appellant. That upon the report and opinion of the register that the bankrupts each had the sum of $3,300 which they had concealed from the assignee and refused to deliver over to him, the assignee was entitled

to the order as prayed for; that the manner in which the bankrupts sought to account for the fund in question was unreasonable and manifestly untrue; that there was no obligation to believe the testimony of the bankrupts, where its truth was unreasonable, unless corroborated, and cited *Salkey* agt. *Gerson* (11 *N. B. R.*, 520) and the cases therein cited.

*Richd. S. Newcombe*, for respondents. The order of the district court was correct and should not be interfered with. There was no evidence to support the opinion or the report of the register. The bankrupts answered all questions put to them in reference to any disposition of their property. That before the prayer of the petition could be granted it was necessary for the assignee affirmatively to prove that the bankrupts had concealed the funds and property sought to be reached. *Salkey* agt. *Gerson*, relied upon by appellant, does not apply. The authorities leading judge BLODGETT to that decision were English cases based upon section 260 of 12 and 13 Victoria, which is much more comprehensive than our section 26 of the bankrupt law. But the decision in *Salkey* agt. *Gerson* was based upon the theory that it appeared, to the satisfaction of the court, that the property in question was still in the control of the bankrupts, in some manner growing out of their refusal to explain, but nothing of the sort here appeared.

JOHNSON, *J.*— This is a petition by the assignee of the bankrupts to review and reverse an order of the district court made November 25, 1876, denying the prayer of the petition of the same petitioner presented to the district court on the 8th of December, 1875. This petition asked that the bankrupts might be ordered to pay over certain money alleged to be in their hands, and might be attached and punished for contempt if they did not obey such order.

An order was made upon this petition, to which the bankrupts had filed an answer, referring it to one of the registers

In re Joseph Mooney and Isaac Mooney.

to take proofs upon the issues raised by the answer of the bankrupts in respect to the moneys alleged to be in their hands. Upon this order voluminous proofs were taken and reported to the district court.

Upon these proofs the parties were heard, and on the 10th of June, 1876, an order was made reciting that the bankrupts had received between the 1st of January, 1874, and the 16th of July, 1874, the day of their failure, from the assets of the firm, the following sums, viz.: Joseph Mooney, $7,147.05, and Isaac Mooney, $8,421; that neither of them had accounted for such sums received by him, and requiring each of them to show, on oath, what he did with the money, and fully account for the same, and it was referred to the same register to take the proofs and report the testimony, with his opinion. A voluminous examination was reported by the register, with his opinion that each of the bankrupts had in his hands, at the time of the filing of the creditors' petition for the adjudication of bankruptcy, the sum of $3,300, and advising their commitment as for contempt in not paying the same to the assignee. Upon the presentation of this report to the district court, the order was made which is now under review.

I have carefully examined this mass of testimony, and I do not see any ground for fixing any particular sum of money as being unaccounted for by the bankrupts. According to their testimony it was all expended before the filing of the petition against them.

The account which they have given of the way in which the money was spent was undoubtedly subject to criticism, and was not calculated fully to satisfy the judgment, but did leave suspicions behind it as to its entire truthfulness. It has, however, been passed upon by the district judge, who has not been himself able to pronounce that the bankrupts have not complied with the order of the court, by making all the disclosure which is in their power. It certainly may be true that they have told all they are able to tell; and it is

not claimed that any further examination is likely to yield any further results. The bankrupts have answered all the questions put to them. If their answers are true, they have obeyed the orders of the courts.

The district court has not felt it to be its judicial duty to declare them untrue and to proceed to punish the bankrupts on that basis. In reviewing a decision of the district court on a question of fact, and especially upon one of this nature, it is for the petitioner to satisfy the court that a wrong decision has been arrived at (*In re How*, 6 *N. B. R.*, 10). The proposition to be made out must be, that a reasonable man would not be able to give credit to the relation given by the bankrupt, but would be satisfied of its substantial untruth. It would require a very clear case to make that out, in the face of a decision of the district judge sustaining the bankrupts' story; or, putting it at the lowest, not discrediting their story, so as to feel it right to act judicially on the basis of its willful falsity. As the question is stated by judge DRUMMOND, *In re Salkey & Gerson* (11 *N. B. R.*, 520), did it or did it not satisfactorily appear that the bankrupts had not made a full disclosure? And to this question the district court has answered in the negative. With this decision it seems to me my duty to concur, unless I am satisfied that the district judge ought clearly to have decided the other way. The *Case of Salkey & Gerson* (11 *N. B. R.*, 423 *and* 516) was much stronger than this now before the court. The district judge in that case held the bankrupts not to have made a full disclosure, and committed them. Eight months before their failure they had bought goods to the amount of $35,000, had not paid for them, and had remaining only $6,000 worth, at their own valuation. They gave no account whatever as to what had become of them. Yet judge DRUMMOND, when the bankrupts were brought before him on *habeas corpus*, thought it proper, while holding that the power of the district court was complete, and that there was no relief to be given on *habeas corpus*, to send the parties back before the register

In re Joseph Mooney and Isaac Mooney.

who had charge of the case, and order that upon their further examination he might report whether the bankrupts had made a full disclosure of what they knew. The English cases which were cited (*In re Bradbury,* 78 *Eng. Com. Law,* 14; *S. C.,* 14 *Com. B.,* 15; *Ex parte Nolan,* 6 *T. R.,* 118; *Ex parte Perrott,* 2 *Burron,* 1122, 1215, *and Ex parte Lord,* 16 *M. and W.,* 462) are founded upon statutes conferring expressly upon the commissioners, if, in their opinion, the examination of the bankrupt is unsatisfactory, the power to commit him. I do not think our statute is as broad as the English statutes, and therefore the decisions founded upon them are not entirely safe guides as to the powers to be exercised under our statutes. The application to this court upon review to reverse the order of the district court in this matter made and entered November 25, 1876, is therefore denied, and the clerk will certify this order to the district court.