### In re MARRINER.

(District Court, D. Maine. February 11, 1915.)

No. 10380.

BANKRUPTCY ⬅184—LIENS—FAILURE TO RECORD.

Under Bankr. Act July 1, 1898, c. 541, § 67a, 30 Stat. 564 (Comp. St. 1913, § 9651), providing that claims, which for want of record or for other reasons would not· have been valid liens as against the claims of creditors of the bankrupt, shall not be liens against his estate, and Rev. St. Me. c. 93, § 1, providing that no mortgage of personal property is valid against any other person than the parties thereto, unless possession is delivered to and retained by the mortgagee, or the mortgage is recorded, where, though a mortgage was not recorded for two years, it was not withheld from record for the purpose of giving the mortgagor a fictitious credit, or pursuant to any agreement or collusion between the mortgagor and mortgagee, and was not recorded, after being so withheld, in contemplation of bankruptcy, or with any corrupt purpose, or with knowledge that the mortgagor was in a bankrupt condition, the mortgage was valid as against creditors who extended credit to·the mortgagor prior to the recording of the mortgage, as under the Maine statute a mortgage made in good faith is valid against all parties who, previous to the date of its

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

record, have not acquired a lien by attachment, levy, or some similar proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. ☞184.]

In Bankruptcy. In the matter of Willis E. Marriner, bankrupt. On petition by Clement F. Robinson, trustee, for review of an order allowing the mortgage claim of Elwin A. Soule. Order affirmed.

Arthur L. Robinson, of Portland, Me., for trustee.

J. Bennett Pike, of Bridgton, Me., and Arthur Chapman, of Portland, Me., for claimant.

HALE, District Judge. The matter now before the court is the petition of the trustee, Clement F. Robinson, for a review of the findings of the referee, allowing the mortgage claim of Elwin A. Soule. The chattel mortgage in question is dated February 21, 1913; it covers the bankrupt stock, and fixtures, tools, and appliances, in petitioner's store at Bridgton. The mortgage was not recorded until February, 1914. The indorsement on the back states that it was received on February 13, 1914, for record in the town clerk's office.

It is contended by the trustee in bankruptcy that the mortgage is invalid on two grounds: First, because it was a preference; second, because it was negligently withheld from record, thereby deceiving other mercantile creditors, who sold goods in the belief that the purchaser's stock was not incumbered by any mortgage to Soule, so that the mortgagee is estopped from claiming any priority over other creditors under it.

In considering the question relating to a preference, the referee has carefully considered the testimony, and has concluded that at the time of recording the mortgage Soule did not have reasonable cause to believe that a preference was being effected thereby. The referee, therefore, decided that no preference had been made. In reviewing his finding upon this point, I am satisfied that he is correct.

The second contention presents a rather unusual question. The trustee insists that the lien of this mortgage should not be allowed, by reason of the provisions of section 67a of the Bankruptcy Act, to wit:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

The Revised Statutes of Maine (chapter 93, § 1) provide:

"No mortgage of personal property is valid against any other person than the parties thereto, unless possession of such property is delivered to, and retained by the mortgagee, or the mortgage is recorded by the clerk of the city, town or plantation organized for any purpose, in which the mortgagor resides, when the mortgage is given."

In this case there is no contention that the mortgage was kept off record for any corrupt or colorable purpose. It is not contended that there was any collusion or agreement between the mortgagor and the mortgagee whereby the mortgage was withheld from record for the

purpose of giving the mortgagor a fictitious credit, as in Blennerhasset v. Sherman, 105 U. S. 100, 26 L. Ed. 1080, where the Supreme Court has held such agreement sufficient to render a deed void at common law. The Perkins Case (D. C.) 155 Fed. 237; The Shaw Case (D. C.) 146 Fed. 273; Butterfield v. Woodman (D. C.) 216 Fed. 208, 214.

It is not contended in the case at bar that when the mortgage was recorded, such record was made with any knowledge on the part of the mortgagee that the mortgagor was in a bankrupt condition, or that such record was made in contemplation of bankruptcy, or with any corrupt purpose.

The trustee contends that the mortgagee has withheld his mortgage from record for two years, during which time the mortgagor has been obtaining credit from various mercantile houses, who have sold him goods in the belief that the stock in trade was unencumbered by a mortgage; that the mortgagee is now estopped to come in and claim a lien ahead of other mercantile creditors, who have been extending credit in the meantime in ignorance of the mortgage; that, even aside from any question of estoppel, it is contrary to this statute to give any validity to an unrecorded mortgage. The trustee relies upon Sawyer v. Pennell, 19 Me. 167; Sheldon v. Connor, 48 Me. 584; Shaw v. Wilshire, 65 Me. 485; Garland v. Plummer, 72 Me. 401.

The trustee also cites cases which have arisen under statutes of other states, somewhat similar to the Maine statute, regarding the recording of chattel mortgages. I have studied with interest the very suggestive argument of the learned counsel for the trustee. I cannot, however, sustain his contention. The referee is correct in finding that there is no case in which our Maine statute has been so construed as to give creditors a right, after a mortgage is recorded, to set it aside as against claims arising while the mortgage was unrecorded. Under the Maine statute a mortgage, made in good faith, is valid against all parties who, previous to the date of its record, have not acquired a lien by attachment, levy, or some such proceeding. The decisions of other states on similar statutes are not altogether decisive of the question. I think it must be held that a mortgage is good only between the parties so long as it is unrecorded; but, when recorded, it takes effect as against third parties. Sawyer v. Turpin, 91 U. S. 114, 23 L. Ed. 235; Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956.

In view of the fact that the petitioner has had the use of the bankruptcy court in protecting and disposing of the mortgaged property, and in view of the fact that a portion of the expense thereof is justly chargeable to the sum found to be due the petitioner by virtue of his mortgage, the referee has ordered that, out of the amount found due the petitioner, the sum of $75 be deducted as representing that portion of the expense of protecting, preserving, and disposing of the mortgaged property, which would be justly chargeable to the mortgagee. His finding is affirmed, namely, that the sum of $1,000 and interest thereon since February 21, 1913, less the sum of $75, be ordered to be paid to Elwin A. Soule, in settlement of his claim by virtue of the mortgage.

A decree may be presented in pursuance of this order.