HON. HOYT H. WHEELER, ⎫
HON. JONATHAN ROSS, ⎬ ASSISTANT JUDGES.
HON. H. HENRY POWERS, ⎭

---

## EDGAR C. ALLEN *v.* EMMONS KNOWLTON.

### *Gift. Change of Possession.*

A father gave his son a calf, which the son kept two years and a half at his own expense, when it was attached on the father's debt contracted before the gift. *Held,* that after the creditor had slept on his rights thus long, and the son had enhanced the value of the gift to such an extent, the court would not apply the principle of law that a man must be *just* before he is *generous.*

The son was in the exclusive possession of said calf for one year, when it went back into the father's possession. *Held,* that there was a sufficient change of possession as against attaching creditors.

TROVER for a heifer. Pleas, the general issue, and justification under process. The case was referred, and the referee reported the following facts :

"The plaintiff resided in Gardiner, Mass., in 1868, and his parents, George T. and Abby Allen, then resided in Williamsville,

in Newfane. In the spring of 1868, the plaintiff visited his parents, and at that time his father gave him a calf not more than a week old. The plaintiff, desiring to raise a cow for his own use, then made an arrangement with his mother to keep and take charge of said calf, and furnished means to purchase shorts, upon which he directed it to be fed. When this gift was made, the calf and its mother were kept in a barn which Geo. T. Allen had the privilege of using, and distant several rods from the premises owned by Mrs. Allen. The calf remained in this barn in the vicinity of six weeks, and was then taken to the premises of Mrs. Allen, and remained there through the summer, under her charge. In the fall, the calf was put into a barn temporarily erected on Mrs. Allen's premises, and kept through the winter upon hay furnished by Geo. T. Allen. In the spring of 1869, Mr. Allen, by direction of his wife, procured Geo. Lamb to pasture the yearling through the summer. The yearling was taken to said Lamb's by Geo. T. Allen, and the said George paid said Lamb for the pasturing, by performing labor for him; and the plaintiff compensated his father for this expense by working for him in haying. In November, 1869, Clarence Allen, brother of the plaintiff, took the yearling from said Lamb's to the premises of Mr. Williams, with whom Mrs. Allen had, by procurement of plaintiff, made an arrangement to winter the same. In the spring of 1870, the plaintiff came to Williamsville, went to the residence of said Williams, paid him for wintering said yearling, and then drove it to Zina Goodell's, whom he had employed to pasture it the then coming season. In November, 1870, the plaintiff again left his home in Gardiner, came to Williamsville, saw said Goodell, paid him for pasturing said heifer, and directed him to take her to the residence of his mother the next day, which was done accordingly. Said heifer then remained upon the premises of Mrs. Allen, and was taken care of by the said George T. when at home, until Dec. 30th, 1870, when she was attached by the defendant, constable of Dover, on a writ in favor of Martin Perry against Geo. T. Allen. Judgment was rendered for said Perry in said suit, execution issued, upon which said heifer was sold Feb. 9, 1871. Said suit was brought upon a claim which had then been due and outstanding some four or five years.

" The premises from which the heifer was taken by the defendant, were owned by Mrs. Allen. A short time previous to the attachment of the heifer, said Perry called upon Mrs. Allen for the purpose of persuading her to give a note in settlement of the claim which he held against her husband. At that time, Perry

65

went with the said George to the barn on Mrs. Allen's premises, and while looking at the stock, the said George remarked that the heifer belonged to the plaintiff, and that the plaintiff had paid for summering her.  Perry believing this remark was made for the purpose of securing said property from him, procured a writ, delivered it to the defendant, with directions to attach that heifer.

" I further find that while said heifer was in the barn of Mrs. Allen, the latter part of November and December, 1870, the same degree of care was taken of her by Geo. T. Allen as of his own stock ; and at that time there was nothing to indicate to a stranger but that the heifer was the property of Geo. T. Allen ; but the facts as above stated, could have been ascertained upon reasonable enquiry.  If the court be of opinion that the plaintiff is entitled to recover upon the facts as above stated, I find that he should recover the aforesaid sum of $66.40.

" I further find that in the fall of 1868, Geo. T. Allen procured Dea. Goodnow of said Williamsville, to pasture said heifer for about six weeks, and paid him therefor ; that at one time, I am unable to state when, the said George told Mr. Lamb that he thought he should raise said heifer for a cow.  The premises of Mrs. Allen were occupied by her and her husband, upon which the said George kept stock for his own use.  Mr. Allen took care of said stock when at home, but his business called him away a considerable portion of the time, when Mrs. Allen did the chores or procured some one to do them."

The court, at the April term, 1874, BARRETT, J., presiding, rendered judgment on the report, *pro forma*, for the plaintiff.  Exceptions by the defendant.

*O. E. Butterfield*, for the defendant.

The gift was absolutely void as to said Perry.  No voluntary conveyance of property, even to a child, will be upheld to defeat any creditor existing at the time, however small the amount of the demand, unless the party reserves property ample for the payment of his existing debts.  The case does not show that said Geo. T. had at that time, or that he has since had, any attachable property except said heifer, and the *onus probandi* rests upon the plaintiff.  *Durkee* v. *Mahoney*, 1 Aik. 116 ; *Brackett et ux.* v. *Waite et al.* 4 Vt. 389 ; *Brackett et ux.* v. *Waite et al.* 6 Vt. 411 ; *Jones* v. *Spear & Tr.* 21 Vt. 426 ; *Church* v. *Chapin*, 35 Vt.

223 ; *Reade* v. *Livingston*, 3 Johns. Ch. 481, 482 ; *Jackson* v. *Seward*, 5 Cow. 67 ; *O'Daniel* v. *Crawford*, 4 Dev. (N. C.) 197 ; 2 Kent Com. (7th ed.) 551, note a ; 1 Story Eq. Jur. §§ 353, 355, *et seq.*, 362, and notes.

If the arrangement between Geo. T. and the plaintiff was not void as a voluntary conveyance, then we say the transaction was fraudulent and void as to Perry, because there was no such change of possession as the law requires. In case of the sale of personal property, if not accompanied by a manifest, continuous, and exclusive change of possession, the property is liable to be attached and levied upon by a creditor of the vendor. 1 Wash. Dig. 711 ; *Rice & Danenbaum* v. *Courtis*, 32 Vt. 460 ; *Houston* v. *Howard*, 39 Vt 54 ; *Rothchild* v. *Rowe*, 44 Vt. 389. If Mrs. Allen could be considered the servant of her son, then there would be only a joint possession of the donor and donee. In case of such possession, the property will still be liable to attachment upon the debts of the vendor, if a candid observer would be at a loss to determine which of the two has the chief control and possession. The referee's report shows that in November and December, 1870, there was nothing to indicate but that the heifer was the property of Geo. T. Allen. An attaching creditor is not bound to inquire, but merely to observe. *Flanagan* v. *Wood et al.* 33 Vt. 332 ; *Stanley* v. *Robins*, 36 Vt. 422. In order for the plaintiff to recover, the report should show that there was such a change of possession as the law requires. In case of doubt in this respect, the law resolves the doubt against the party who should make the change of possession open and visible to the world. *Flanagan* v. *Wood et al. supra*. Nor does it matter that Allen told Perry the heifer belonged to the plaintiff. Notice of the sale of personal property, without change of possession, will not affect the claim of an attaching creditor. *Hart et als.* v. *Farmers & Mechanics' Bank et als.* 33 Vt. 252 ; *Perrin* v. *Read*, 35 Vt. 2.

*Clarke & Haskins*, for the plaintiff.

We contend that not only the title to the heifer was in the plaintiff when attached, but the possession also, by and

through his mother, who had the legal possession and seisin of the premises whereon it was kept. We understand the principle of law to be, that a change of possession indicating to the world at large a change of ownership, is all that is required, to protect the property in him who has the legal title. *Stephenson* v. *Clark et al.* 20 Vt. 624; *Stanley* v. *Robins*, 36 Vt. 422. The case fails to show that any fraud was either committed or intended; or that Geo. T. Allen at any time from the spring of 1868 to December 1870, ever exercised any acts of ownership or control over the property, or ever had any possession or received any use of the same in the least inconsistent with an actual and honest transfer of the property to the plaintiff. But on the contrary the case does show the transfer to have been *bona fide*—the plaintiff's possession and control of the property open and notorious for a long space of time—and that all the facts relative thereto might have been ascertained on reasonable inquiry. This, we insist, was a sufficient change of possession under the authorities already cited, and under *Farnsworth* v. *Shepard*, 6 Vt. 521; *Merritt* v. *Miller*, 13 Vt. 416; *Lyndon* v. *Belden et al.* 14 Vt. 423; *Hall* v. *Parsons;* 17 Vt. 271; *Rothchild* v. *Rowe*, 44 Vt. 389. The attaching creditor had notice that the heifer was plaintiff's property; and notice to the creditor is notice to the officer.

The opinion of the court was delivered by

Ross, J. I. It is a well-recognized principle of law, that a debtor must be *just* rather than *generous;* that he will not be allowed to enrich his *friends* at the expense of his *creditors*. This principle does not render the making of gifts by a debtor unlawful, or invalid, as against his creditors, provided he retains other property amply sufficient to satisfy the legal demands of those creditors. The defendant asks the court to apply this principle for his protection in the case at bar. The referee has not found that the gift to the plaintiff—a heifer calf not more than a week old—was of greater value than any ordinary calf of that age; nor that the father's ability to pay his debts was thereby lessened, to the injury of his creditors. There is no fact reported which

shows that the father did not retain property amply sufficient to pay his debts, unless it be, that Perry, for whom the defendant attached the heifer, has not as yet collected his debt against the father from other property. If the father did not retain property amply sufficient to pay all his creditors when he gave the plaintiff the calf, we think it would be an unwarrantable application of this just and wholesome principle of law, to allow a creditor to invoke its aid after he has slept on his rights two and a half years, and after the donee, in good faith, and at considerable expense and risk, has greatly increased the value of the gift, if not entirely created it. Such an application would defeat the end for which the principle was established, and allow the creditor to enrich himself at the expense of the donee, instead of the donee at the expense of the creditor. We find no error in the *pro-forma* judgment of the county court in this respect.

II. The defendant insists that there had been no such change of possession as would enable the plaintiff to hold the heifer free from attachment by the creditors of the father. It is questionable whether Mrs. Allen's possession, so long as she lived with her husband, the donor, although she owned in her own right the property where the heifer was kept, could avail the plaintiff in this respect. The husband, while residing with the wife, has such an interest in and control of her separate real estate, that it is at least doubtful whether, under the circumstances reported, her possession was not legally his possession. We have no occasion to decide this question. The referee has found that from November, 1869, to November, 1870, the heifer was in the actual possession of third parties, employed by the plaintiff, directly or indirectly, to keep her for him. During this period, there was an unquestionable change in the possession of the heifer from the father to the plaintiff. The creditors of the father were legally bound to observe that the heifer was in the possession of third parties, and were put upon inquiry in regard to the character of that possession, and were affected with a knowledge of all the facts which by inquiry they could have ascertained. In *Flanagan* v. *Wood et al.*, in which the question of what amounts, in law, to a change of possession, is fully considered, the court use this language : " The

possession *by a third party*, with notice of the transfer or attachment, thus stands in the place of a visible change of possession, because *such* possession is notice to the world of some change of ownership, and puts creditors upon inquiry." Again: " In cases, therefore, of joint possession of property which, when sold or attached, was in the hands of the vendor or debtor, the creditor is not bound to inquire. It is sufficient if he carefully observes. If the result of such observation is that a third person, and not the debtor or vendor, is in possession, then he must understand that there has been a change of possession, and he is affected with a knowledge of all the facts which by inquiry he could ascertain." The application of this principle to the facts reported, affects the attaching creditor in whose right the defendant stands, with a knowledge that the heifer had been in the open, visible, continuous possession of the plaintiff for a full year. Could he thereafter safely allow her to go back into the possession of the debtor? In *Dewey* v. *Thrall et al.* 13 Vt. 281, the court says : " After a sale of personal chattels has become perfected by such visible, notorious, and continued change of possession that the creditors of the vendor may be presumed to have notice of it, the vendee may lend, or let, or employ the vendor to sell, or perform any other service about, the thing, with the same safety he may a stranger. This is fully settled by the case of *Farnsworth* v. *Shepard*, 6 Vt. 521." This language is as applicable to the change of possession necessary to perfect a gift, as to perfect a sale. *Lynde* v. *Melvin*, 11 Vt. 683, and *Lyndon* v. *Belden*, 14 Vt. 423, are to the same purport. We conclude therefore that there had been a legal change in the possession of the heifer from the debtor to the plaintiff, so that he could hold it against attachment by the creditors of the debtor.

The *pro-forma* judgment of the county court is affirmed.