Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD,
Hon JONATHAN ROSS,
Hon. RUSSELL S. TAFT,
} Assistant Judges.

---

## W. H. S. WHITCOMB *v.* GEO. W. WOODWORTH, Jr.

### *Conditional Sale.*

1. *Held*, that a certain written contract, attempted to be disguised under the form of a lease, where the *rent* for one year was equal to the *value* of the organ sold, was a conditional sale ; and that, as such, it should have been recorded, to prevent an attachment of the organ by the vendee's creditor, he having had no notice that it was a conditional sale.
2. The defendant, a sheriff who attached the organ, although put upon inquiry because he found it in the possession of a third party ; was not defeated of the right to make the attachment, as it did not appear that he would have learned of the conditional sale by inquiry.

HEARD on referee's report, September Term, 1881, POWERS, J., presiding. Judgment for the defendant.

Whitcomb *v* Woodworth.

The referee found :

On April 1st, 1878, the plaintiff and D. W. Weston made a bargain or agreement with reference to a certain organ. The bargain or agreement was reduced to writing, and was in these words and figures :

BURLINGTON, VT., APRIL 1ST, 1878.

This certifies that I have hired of W. H. S. Whitcomb, of Burlington, one Smith American Organ, style 7, (it being the organ delivered to me by L. R. Austin for said Whitcomb,) in the following terms : fifty-seven dollars and fifty cents to be paid with interest on or before September 1st, 1878, and fifty-seven dollars and fifty cents to be paid with interest, on or before one year from date, the latter sum being embodied in a joint note, signed by I. N. Austin with me, all of which is to be promptly paid at the office of W. H. S. Whitcomb, in Burlington, Vt., when the same becomes due, without any demand being made for the same. And I also agree that said organ shall not be let or removed from the premises of I. N. Austin without the written consent of said Whitcomb. It is expressly understood that until the whole sum of one hundred and fifteen dollars, and interest on the same, is fully paid to said Whitcomb, I neither acquire nor does he part with his interest and ownership of said organ. And in case of failure to pay any of the amounts stated above, as above due, I hereby authorize said Whitcomb, or any authorized agent of his, to enter the premises where the organ may be and take and remove said organ therefrom. And for any actual or apprehended violation of any of my agreements herein, I hereby agree to deliver up said property in as good condition as received, ordinary use and wear excepted, whenever requested so to do by any duly authorized agent or representative of said Whitcomb.

(signed) D. W. WESTON.

Witness : L. R. AUSTIN.

At the time of this transaction, the instrument was worth about $115, the sum named in said instrument as rent. Weston lived in Underhill, just across the road from I. N. Austin's, named in said instrument of writing as the person from whose premises the organ was not to be removed without Whitcomb's consent. The premises on which Weston lived belonged to Austin, as did also the premises on which Austin himself lived.

After the maturity of the note mentioned in the foregoing contract, the plaintiff brought suit upon the same and recovered judgment thereon, May 6th, 1879. A trustee was summoned in this suit and was adjudged chargeable in the sum of $25. Nothing has been paid on this judgment by the principal debtor. Nothing was shown to have been paid by the trustee.

The organ was sold on an execution by the defendant, as sheriff. It had been in said Weston's possession until a week or ten days before the attachment, when it was taken to the house occu-

pied by Austin, on the occasion of some entertainment there. It remained there until attached.

J. W. Russell and L. L. Lawrence, for the defendant.

The written contract was a lease. The organ was not attachable. 9 U. S. Dig. p. 366, s. 4382. By the terms of the contract Austin was made bailee of the organ for the use of Weston. Therefore, Weston acquired no title to the organ, by wrongfully keeping possession of it which could avail an attaching creditor. Lynde & Morse v. Melvin, 11 Vt. 683 ; Hillard on Sales, 437, 441. At the time of the attachment the organ was in the possession of Austin, in accordance with the terms of the agreement. It is incumbent on the party claiming under the statute to bring himself within its terms. Where a right depends on the bona fides of a party, the burden of proof is always on him. There is no presumption in favor of an attaching creditor. He must show that he is a creditor, and that he has acted in good faith. The rule is the same in all analogous cases. In the case of an endorsee of a promissory note, the burden is upon him to show purchase without notice, where there is a defence as to the payee. Sanford v. Norton, 14 Vt. 233 ; Gould v. Stevens, 43 Vt. 128 ; 48 Vt. 24 ; 1 Pick. 165. It is a case where the facility of proving the proposition is peculiarly within the hands of the party making the attachment, and this is a strong reason why he should take the burden of bringing himself within the statute. 1 Greenl. s. 79 ; Starkie Ev. 539, 540. The defendant was put upon inquiry. 33 Vt. 337 ; Jones on Chat. Mort. s. 308 ; 52 Vt. 76 ; 1 Jones on Mort. s. 580 ; 53 Vt. 389.

J. J. Monahan and W. L. Burnap, for the defendant.

The transaction was a conditional sale. Alb. Law J., Sept. 3, 1881, (Brunswick v. Hoover). If any doubt could exist as to the real nature of this contract, the recovery of a judgment by the plaintiff upon the last instalment falling due under it would seem to remove it. Fuller v. Buswell, 34 Vt. 107. Therefore, if under such circumstances, notice of the existence of a lien upon the property in him is availing at all, it must follow that the bur-

den is equally imperative to establish all these facts, which the statute makes equivalent to a recorded lien. *Brackett* v. *Waite*, 6 Vt. 424; 53 Vt. 389; *Appeal of Phillipsburgh Savings Bank*, (Pa. Sup. Ct.) Cen. L. J., Aug. 19, 1881; Jones Chat. Mort. s. 310.

The opinion of the court was delivered by

Ross, J. The contract of April 1, 1878, we think, was, in legal effect, a conditional sale of the organ from the plaintiff to Weston. The amount stipulated to be paid, as rent, for the use of the organ, for one year, was the full value of the organ. For the last payment the plaintiff took Weston's note with a surety. There is no provision in the contract, by which Weston could return the organ at the end of the year, or at any other time, an essential element in a lease or bailment. The clause in the contract: "It is expressly understood that until the whole sum of one hundred and fifteen dollars, and interest on the same, is fully paid to said Whitcomb, I neither acquire, nor does he part with his interest and ownership of said organ," implies that upon the payment by Weston of the sum named, the property, and ownership of the organ, was to pass from Whitcomb to him. Being a conditional sale of the organ, although attempted to be disguised under the form of a lease, and the written instrument evidencing the contract, not having been recorded agreeably to the statute, it was attachable as the property of Weston unless the plaintiff had notice of the contract of conditional sale between the plaintiff and Weston. The statute R. L. sec. 1992, declares that the lien reserved to the vendor by such unrecorded sale shall be invalid as against attaching creditors or subsequent purchasers without notice. Having failed to place upon record the contract evidencing the sale, the organ was open to attachment as the property of the conditional vendee, unless the plaintiff could show that the attaching creditor had notice of conditional sale. The referee has not found that the defendant, the officer who made the attachment, nor that the attaching creditor had notice of the conditional sale. It is contended, however, that the officer, by finding the organ, not in the possession of the conditional vendee,

but in the possession of I. N. Austin, was put upon inquiry, and by inquiry would have learned of the conditional sale.

It is true that under the decisions of this court, where an officer, about to attach personal property, finds it, not in the possession of the debtor, but in the possession of a third person, he is to take notice of this fact ; and is to inquire of such third person for whom he is holding possession of the property. *Flanagan* v. *Wood*, 33 Vt. 337. This is upon the ground that possession is *prima facie* evidence of ownership of personal property ; so that finding the property in the possession of a person other than the debtor, he is bound to inquire of such person, and learn for whom he is holding possession. Whether this doctrine applies to an officer attaching property sold conditionally, it is needless to decide in this case, inasmuch as on the facts found by the referee all that the officer would have learned by inquiry was, that I. N. Austin had signed with Weston the note for the last payment, and that he had borrowed the organ of Weston for a special occasion, only a few days before the attachment was made. There is no fact found that shows he would by such inquiry have learned of the conditional sale.

It is also contended that I. N. Austin, by the terms of the contract, was to have possession of the organ. All that the contract contains on this subject is that the organ was not to be let by Weston, nor removed from the premises of I. N. Austin, without the written consent of the plaintiff. Weston occupied premises owned by I. N. Austin. We think that the construction to be placed upon this portion of the contract is that Weston was to have the possession of the organ, but was not to let the same, nor remove it from the premises of Austin, where he then lived, without the written consent of the plaintiff.

The result is that no error is apparent in the judgment of the County Court, and that judgment is affirmed.