CHESTER KINGSLEY *v.* JESSE WHITE.

*Change of Possession. Exception to Rule. Saw Logs. Cumbrous Articles. Fraud in Law.*

1. A sale of saw logs piled on land so low and wet that it was impossible to remove them, only on frozen ground, without the cost exceeding the value of the logs, is valid against attaching creditors, without a change of possession.

2. But, if a change of possession had been necessary, *it was held,* that the facts, that the vendor had sold and conveyed the lot to a third party by a deed with only one witness to it, that such third party, the vendor and the purchaser, with his attorney, went on to the lot, and marked the logs with the purchaser's initials, the third party agreeing to take care of them for him, did not constitute a sufficient change of possession, as it was not found,—and the court could not infer it,—that the third party was in open, visible possession of the lot.

REPLEVIN for saw logs. Heard on referee's report, June Term, 1884, ROYCE, Ch. J., presiding. Judgment for the defendant. The case is stated in the opinion.

*Chas. F. Kingsley,* for the plaintiff.

Vermont's *fraud-in-law* doctrine has one exception—sales of movable property " cumbrous in character" and " difficult of removal," or when "removal is impracticable." *Fitch* v. *Burk,* 38 Vt. 683; *Sterling* v. *Baldwin,* 42 Vt. 311; *Hutchins* v. *Gilchrist,* 23 Vt. 82; *Birge* v. *Edgerton,* 28 Vt. 291; *Sanborn* v. *Kittredge,* 20 Vt. 632; *Flanagan* v. *Wood,* 33 Vt. 344; *Ross* v. *Draper,* 54 Vt. 404. Caswell was a good bailee for the plaintiff. *Sellick* v. *Starr,* 5 Vt. 255; *Wilson* v. *Hooper,* 12 Vt. 653; 20 Vt. 627.

*Ormsbee & Briggs,* for the defendant.

As to the law requiring a change of possession, see *Farnsworth* v. *Shepard,* 6 Vt. 521; Rob. Dig. p. 618, s. 124.

This is not an exception to the common rule. The logs were not in the possession of a third party. The deed was defectively executed. *Day* v. *Adams*, 42 Vt. 510.

It will be noticed by an examination of the cases in this State, that when the question of " articles cumbrous," etc., has arisen and effect given in the direction of making such property exceptional, as to the necessity of a change of possession, it has been where such property had been deposited on the land of a third person with his consent, or on the land of a stranger. *Merritt* v. *Miller*, 13 Vt. 416; *Sanborn* v. *Kittredge*, 20 Vt. 632.

The opinion of the court was delivered by

Ross, J.   Both parties claim title or right to the logs in controversy under R. E. Bentley; the plaintiff as a purchaser under a bill of sale dated July 25, 1878, and the defendant as an attaching creditor under an attachment made August 28, 1878.   The logs were cut and piled on lot 88 in Ripton.   The lot was low and wet; and it was impossible to remove them from the lot, so as to have them of any value, except when the ground was frozen.   After the bill of sale, August 19, 1878, Bentley gave a deed of the lot to Joseph C. Caswell; but the deed had but one witness. After the sale, evidenced by the bill of sale, and before the attachment,—but whether before or after the deed from Bentley to Caswell is not found,—the plaintiff, with his attorney, Bentley, and Caswell went upon the lot, counted and marked with the initials of the plaintiff the piles of logs, and agreed with Caswell to take care of the logs.   If it had been found that Caswell was at this time in open, visible possession of the lot, under his deed from Bentley, although the deed had but one witness to its execution, Caswell's agreement to take care of the logs for the plaintiff would have been a sufficient change of the possession of the logs, to have protected them from attachment by the defendant.   But it is neither found, that Caswell then had the

defectively executed deed from Bentley, much less, that he was in open possession of the lot under said deed. Such defectively executed deed, though insufficient to convey the legal title of the lot from Bentley to Caswell, was evidence of an agreement to convey the land; and if he paid a valuable consideration for it, and went into possession of the lot under it, his possession would be protected, and would be notice to all the world of his rights in the lot. But, it not being found that Caswell was there under the defectively executed deed, at the time he agreed to take care of the logs for the plaintiff, the court cannot infer that such was the fact. This was a fact to be established affirmatively by the plaintiff, if he would have it avail in his favor. Hence the real question is, whether, considering the cumbrous character of the property, the impracticability of its removal, the sale of the logs, and the possession which the plaintiff took of them, they were protected from attachment by the creditors of Bentley. We think they were protected from such attachment. In the early case of *Weeks* v. *Wood,* 2 Aik. 64, in which, in an elaborate opinion by Judge PRENTISS, it is held, that the want of change of possession in the sale of personal chattels, where the conveyance is absolute, is a circumstance which renders the sale fraudulent and void against attachment by the creditors of the vendor, it is said: "Indeed, the rule appears to apply to all cases except where the purpose of the conveyance and the nature of the transaction entitle, or require the vendor to continue in possession, and the law, considering it necessary and justifiable, approves and permits it. There are certain special cases in which a change of possession has been dispensed with, and which from their peculiar character have been treated and admitted as exceptions to the general rule." The learned judge then mentions several instances, and among them the sale of goods on board a ship going on a voyage, and the produce and advantage which should be made of them, as security for the repayment of money

lent by the vendee. This exception, and the others to the general rule, evidently arose from the impracticability of a change of possession under the circumstances, and the necessity of relaxing the rule, to uphold honest transactions. It was early held in this State, and the doctrine has been frequently repeated, that logs in a stream, or piled upon the banks of a stream for the purpose of being floated down the stream, or when taken out of the stream and piled up, especially if partly frozen into the ice, were of such a cumbrous character and so situated, that they passed as against the creditors of the vendor by a bill of sale without further change of possession. *Sanborn* v. *Kittredge*, 20 Vt. 632; *Hutchins* v. *Gilchrist*, 23 Vt. 82; *Birge* v. *Edgerton*, 28 Vt. 291; *Fitch* v. *Burk*, 38 Vt. 683; *Sterling* v. *Baldwin*, 42 Vt. 306; *Ross* v. *Draper*, 55 Vt. 404. Such property is incapable of actual, personal possession. Constructive possession is all, or nearly all, that it is practicable for the owner to have of such property; and as was said, in *Hutchins* v. *Gilchrist*, where the doctrine is considered at length, such possession passes with the title. But when the cases on this subject in this State and elsewhere are carefully considered, it will be found, I think, that the controlling elements, which take such property out of the operation of the ordinary rule requiring a change of possession to perfect the sale of the property from attachment by the creditors of the vendor, are the character and situation of the property; that is, that the property is ponderous, incapable of personal possession, and difficult of removal. To hold that such property comes within the operation of the ordinary rule would practically preclude any sale of it which would be valid against attachment by the creditors of the vendor. In the case under consideration, a removal of the property to perfect the sale was practically impossible. If the attachment were required to be made by the officers taking actual possession of the property, or by removing it, an attachment thereof would be practically impossible. The legisla-

Town of Weybridge *v.* Town of Addison *et al.*

ture, to remedy such impossibility, has provided that an attachment thereof may be made by lodging a copy of the writ with the officer's return thereon in the town clerk's office of the town where the property is situated. The possession which Bentley had of the lot and the logs, before the sale of the latter to the plaintiff, from the facts reported, must have been constructive rather than actual, or possession which the law presumes because he was owner of the fee, or some undivided part thereof of the land. We think this case fairly falls within the principle and reason of the cases heretofore cited from the decisions of this court; and that the plaintiff was entitled to hold the logs against the attachment of the creditors of Bentley. The plaintiff had done all, considering the character and situation of the property, which it was practicable for him to do, to perfect his purchase by taking possession of the property.

The judgment is reversed, and judgment rendered for the plaintiff to recover his costs, agreeably to the stipulation of the parties, in the County Court.