LOUIS A. HYATT *v.* CLARENCE E. WILEY.

Special Term at Rutland, November, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed January 2, 1935.

122

*Philip M. M. Phelps* for the defendant.

*Jones & Jones* for the plaintiff.

SHERBURNE, J. This is an action of replevin, in which the plaintiff seeks to hold certain live stock, farming tools and implements, which had been attached by the defendant as a deputy sheriff on September 2, 1932, in a suit by a creditor against plaintiff's father and mother, William D. and Josie Hyatt, upon which judgment had been obtained. An execution had been duly issued and levied, and the property had been advertised for sale. It appears from the findings of fact that the plaintiff claims title to the property in dispute by virtue of a bill of sale, dated February 17, 1932, given to the plaintiff by his father and mother in payment for work, labor, and services performed for them. The father and mother and plaintiff and his wife had lived together as members of one family for many years upon a farm, title to which was in the name of the mother. After the sale of the property it remained upon the farm as before, and all continued to live there. The checks in payment for milk sold continued to come in the name of the father, as theretofore, but the avails were treated as the property of the plaintiff. In April, 1932, and thereafter the property was set in the list for taxation to the plaintiff. The court further found that the situation of the parties was such that no visible change in the physical possession of the property was practicable, that the property belonged to the plaintiff, and that the defendant acquired no title or right to it by the attachment and levy; and gave judgment in favor of the plaintiff for the retention of the property. Among other things, the defendant attacks the judgment upon the ground that it does not appear that there was any change of possession, nor that the father has ceased from all enjoyment in the property.

No matter how honest the transaction may be, in point of fact, the continuance of the vendor in possession after the sale renders it fraudulent *per se* and void against his creditors. The requirement that a vendee shall take and retain possession in order to protect the sale against the vendor's creditors is a rule of public policy, the object being to prevent fraud by removing the temptation to· commit it. There are certain general requirements respecting the change of possession which

must be present in order to make it sufficient. It must be open, visible, unequivocal, exclusive, continued—such as to apprise the community, or those accustomed to deal with the vendor, of the fact that he has ceased to be the owner of the property. The vendee must at his peril see to it that he so conducts with the property as to indicate to an observer by the appearances a change in ownership. Actual possession and beneficial use of the property by the vendor after the sale are inconsistent therewith, and are conclusive evidence against it so far as the rights of creditors are concerned. Although it does not follow that the vendee may never thereafter with safety permit the vendor to have to do with the property, yet, if the vendee would perfect his title against attachment by the vendor's creditors, he must retain actual and exclusive possession of the property for a period sufficient to render his possession and ownership notorious and well understood in the neighborhood. Finally, it is essential that the facts relied upon as showing possession in the vendee shall be unequivocal. When the control and use of the property by the vendor and vendee are so confused and mixed as to leave the question of possession uncertain, the sale cannot be sustained against an attaching creditor. A test sometimes applied is whether a careful observer would or would not be at a loss to determine from the appearances who owns and has control of the property. If it is doubtful, the law resolves the doubt against the party who should make the change of possession open and visible to the world. *Foss* v. *Towne*, 98 Vt. 321, 324, 325, 326, 127 Atl. 294, where we have recently restated much of our law upon this subject and digested several of our cases.

■ Tested by these rules, it must be held that the facts found do not show such a change of possession as would protect the property from attachment by the creditors of plaintiff's father and mother. Other than the listing of the property for taxation, nothing is shown which would indicate ownership in the plaintiff. On the other hand, the milk checks representing a beneficial interest in the property continued to come to the plaintiff's father. Laying aside the fact that there was no visible change of possession, this presents an equivocal situation, one that would leave an observer in doubt as to the true situation.

124

■ But our attention is called to the finding that the situation of the parties was such that no visible change in the physical possession was practicable, and the plaintiff says that the law recognizes that all species of personal property are not capable of the same kind of possession and it only requires the vendee to take such possession as the character and nature of the property admit of, in order to protect it against attachment by the creditors of the vendor. Our cases recognize an exception to the general rule in the case of ponderous objects, incapable of personal possession and difficult of removal. In *Thompson-Starrett Co.* v. *Plunkett*, 89 Vt. 177, 186, 94 Atl. 845, granite statues of great weight were so held. In *Kingsley* v. *White*, 57 Vt. 565, 567, logs on a low, wet lot, where it was impossible to remove them except when the ground was frozen, were held to be an exception to the rule. In *Ross* v. *Draper*, 55 Vt. 404, 45 A. R. 624, a case cited by the plaintiff, a piano was classed within the exception to the rule, but that case shows long continued exclusive ownership by the donee. On the other hand in *Walworth* v. *Town of Readsboro*, 24 Vt. 252, machinery in a mill was held not to be within the exception. To hold that, because the situation of the parties is such that a visible change in the physical possession of the property is impracticable, live stock, farming tools and implements are also within the exception to the rule, would be to alter the long-settled law in this State. It would open the door to fraud in situations like the present.

As it appears from the transcript that the plaintiff may own some of the articles replevied other than those enumerated in the bill of sale, we do not finally dispose of the case.

*Judgment reversed, and cause remanded.*