MURIEL C. NEWTON, TRUSTEE OF THE BANKRUPT ESTATE OF ARTHUR FITZPATRICK *v.* FORD M. THOMAS ET AL.

May Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 1, 1940.

260

*Wayne C. Bosworth* for defendant Fitts.

*John T. Conley* for plaintiff.

MOULTON, C. J. This is a proceeding in equity to set aside two conveyances as being preferential and in fraud of the creditors of Arthur C. Fitzpatrick, instituted by the trustee of his bankrupt estate. One of these, a sale of certain personal property to the defendant Ford M. Thomas, made three days before the filing of the petition in bankruptcy, is conceded to have been fraudulent and we need pay no further attention to it. As to the defendant Fitts, these material facts have been found by the

Chancellor:—On April 27, 1937, Fitzpatrick executed and delivered a chattel mortgage to the defendant William F. Fitts, covering certain live stock and farming equipment, situated on Fitzpatrick's farm in the town of New Haven. Fitzpatrick resided in Middlebury and Fitts in New Haven. The mortgage was recorded in the town clerk's office in New Haven. On November 1, 1937, Fitzpatrick leased the farm, livestock and equipment to John Bromley for the term of five years from the 15th of the same month, and Bromley went into, and has since remained in, possession. On January 14th, 1938, knowing that Fitzpatrick was insolvent and was about to file a voluntary petition in bankruptcy, Fitts agreed with Bromley that so much of the leased personal property as was covered by the chattel mortgage and was in Bromley's possession should be held during the term of the lease by Bromley for the benefit of Fitts, and at the termination of the lease should be delivered to Fitts. Fitzpatrick was adjudicated a bankrupt on January 15, 1938.

After making the foregoing findings the Chancellor decreed that the chattel mortgage was void and of no effect as against the claims of the trustee in bankruptcy and enjoined Fitts from exercising any control over property covered thereby. Fitts has appealed to this Court.

 There is no finding and no claim that the mortgage was given in fraud of Fitzpatrick's creditors, or that he parted with possession with intent to hinder, delay or defraud them and there is no presumption that this was so. *Dunnett* v. *Shields and Conant,* 97 Vt. 419, 429, 123 Atl. 626; *Tillison* v. *Tillison,* 95 Vt. 535, 537, 116 Atl. 117; *Colston* v. *Bean,* 78 Vt. 283, 285, 62 Atl. 1015. Although not recorded as required by P. L. 2660, the mortgage was good as between the parties, (*Gilbert* v. *Vail,* 60 Vt. 261, 265, 14 Atl. 452) and since there was no stipulation therein to the contrary the mortgagee had the right to take possession of the mortgaged property for the possession of the mortgagor was merely permissive. *Paska* v. *Saunders,* 103 Vt. 204, 215, 153 Atl. 451; *Campbell* v. *Bryant,* 98 Vt. 486, 489, 129 Atl. 299; *Mason* v. *Sault,* 93 Vt. 412, 415, 108 Atl. 267, 18 A. L. R. 1426; *McLoud* v. *Wakefield,* 70 Vt. 558, 560, 43 Atl. 179. It is not disputed that in these circumstances, under the National Bankruptcy Act as it stood at the time of the filing of Fitzpatrick's petition in bankruptcy (44 Stat. 666, Act of May 27, 1926,

11 U. S. C. A. § 96.) possession of the mortgaged property taken by the mortgagee before the filing of the petition in bankruptcy, .(at which time the rights of the trustee came into being, *Bailey v. Baker Ice Mach. Co.,* 239 U. S. 268, 275, 276, .60 L. Ed. 275, 286, 36 Sup. Ct. 50), although within four months of such filing, relates back to the execution of the mortgage, makes the lien good as against the trustee and prevents it from operating as a preference. This is the holding in the following decisions: *Thompson, Trustee* v. *Fairbanks,* 75 Vt. 361, 369, 370, 56 Atl. 11, 104 Am. St. Rep. 899, affirmed, 196 U. S. 516, 49 L. Ed. .577, 585, 586, 25 Sup. Ct. 306; *Humphrey* v. *Tatman,* 198 U. S. 91, 49 L. Ed. 956, 25 Sup. Ct. 567; *Duffy v. Charak,* 236 U. S. 97, 59 L. Ed. 483, 484, 35 Sup. Ct. 264; *Carey* v. *Donohue,* 240 U. S. 430, 437, 438, 36 Sup. Ct. 386, 60 L. Ed. 726, 729, L. R. A. 1917 A. 295; *Martin* v. *Commercial Bank,* 245 U. S. 513, 519, 38 Sup. Ct. 176, 62 L. Ed. 441, 443; *Finance and Guaranty Co.* v. *Oppenhimer,* 276 U. S. 10, 12, 48 Sup. Ct. 209, 72 L. Ed. 443; *Burrowes* v. *Nimrocks,* 35 Fed. 2d. 152, 159; *In re Cunningham,* 64 Fed. 2d. 296, 299; *Hartford Acc. & Ind. Co.* v. *Coggins,* 78 Fed. 2d. 471, 475, 476, reh. den. 296 U. S. 620, 56 Sup. Ct. 141, 80 L. Ed. 440; *Mower, Trustee* v. *McCarthy,* 79 Vt. 142, 149, .64 Atl. 578, 7. L. R. A. (N. S.) 418, 118 Am. St. Rep. 942. See also, *Gilfillan's Admr.* v. *Bixby,* 100 Vt. 468, 471, 139 Atl. 250; *Bean* v. *Parker,* 89 Vt. 532, 540, 96 Atl. 17; *McLoud* v. *Wakefield,* 70 Vt. 558, 560, 43 Atl. 179. It is unnecessary to consider what might have been the result if the Chandler Act of June 22, 1938 (52 Stat. 869, sec. 60, 11 U. S. C. A. § 96) had been in force at the time.

The only question is whether the agreement between Fitts and Bromley that the latter should.hold the property for the benefit of Fitts and deliver it to him at the expiration of the lease constituted a change of possession sufficient to validate the mortgage as against the trustee in bankruptcy of Fitzpatrick.

 The rule concerning change of possession is the same in the case of a chattel mortgage as in that of a sale, and what is deemed sufficient to make a sale good as against attaching creditors of the vendor also satisfies a statute such as P. L. 2660, requiring delivery to and retention by the mortgagee of property covered by an unrecorded mortgage. *Duffy* v. *Charak,* 236 U. S. 97, 99, 35 Sup. Ct. 264, 59 L. Ed. 483, 485; *Clark* v. *Williams,*

190 Mass. 219, 222, 76 N. E. 723; *Corning* v. *Records,* 69 N. H. 390, 46 Atl. 462, 463, 76 Am. St. Rep. 178. It is said in *Foss* v. *Towne,* 98 Vt. 321, 325, 127 Atl. 294, and repeated in *Hyatt* v. *Wiley,* 107 Vt. 120, 122, 123, 176 Atl. 119, that what constitutes sufficient change of possession to perfect a sale of a chattel necessarily varies with the circumstances of each particular case, but it is required that such change shall be visible, unequivocal, exclusive and continued, so that the community or those accustomed to deal with the vendor shall be apprised of the fact that he has ceased to be the owner of the property, and where the possession taken is wanting in any of these requisites the property remains liable to attachment by the creditors of the vendor or to the claims of *bona fide* purchasers. But where the property is in the hands of a third person at the time of the sale, and he is notified by the purchaser of the transfer of title, and agrees to hold it for the purchaser, a visible change of possession is not required. *Whitney* v. *Lynde,* 16 Vt. 579, 586; *Rothchild* v. *Rowe,* 44 Vt. 389, 394; *Wing & Son* v. *Peabody,* 57 Vt. 19, 21. The possession by such third person puts the creditor upon inquiry as to its character and charges him with knowledge of such facts as could be ascertained thereby. *Allen* v. *Knowlton,* 47 Vt. 512, 517; *Whitcomb* v. *Woodworth,* 54 Vt. 544, 548; *Flanagan* v. *Wood,* 33 Vt. 332, 337, 338. If the one in possession holds as a naked bailee of the vendor it is necessary, in order to make the sale good as against a creditor of the latter, that such bailee shall agree to keep the property for the purchaser, for he need not do so unless he chooses, and, if he does not, he may properly be considered as keeping it for the original owner; *Rice* v. *Courtis,* 32 Vt. 460, 470, 78 Am. Dec. 597; *Wooley* v. *Edson,* 35 Vt. 214, 221; *Shortsleeves* v. *Troville,* 95 Vt. 468, 472, 473, 117 Atl. 419; although in *Sleeper* v. *Pollard,* 28 Vt. 709, 710, 67 Am. Dec. 741, where the property remained in the barn of the vendor, and in the possession of his known servant, it was held that in spite of an agreement by the servant to hold for the purchaser, there was nothing to put a creditor upon inquiry, the possession of the servant being that of the master. See also *Flanagan* v. *Wood, supra.* If, however, the property is, at the time of the sale, in the hands of one who has a right of possession in himself, such as a lessee of the vendor, a mere notification of the sale to him by the purchaser is sufficient and constitutes such a change

of possession as the circumstances admit because the purchaser cannot take away the property, having received only the reversionary interest therein. *Wooley* v. *Edson, supra; Shortsleeves* v. *Troville, supra; Corning* v. *Records, supra; Clark* v. *Williams, supra.*

█ Thus it is in the present case. Bromley, as lessee, was entitled to the exclusive possession during the continuance of the lease. His right was superior to that of the defendant Fitts under the latter's unrecorded mortgage. The notification by Fitts, and the agreement to hold the property for him and to deliver it to him at the expiration of the term were sufficient and more than sufficient to forestall the claims of the creditors of Fitzpatrick.

█ It is true that in the decisions that have been cited above the property was already in the hands of the tenant or bailee when the transfer was made, while here the mortgage antedated the lease. But this distinction is unimportant. Fitts had lost his right to immediate possession because Bromley's right had intervened. But he had not lost his right to the reversionary interest in the mortgaged property, and this was assured to him by the transaction with Bromley. No actual possession by him was legally possible, but there was such a change as the situation admitted and this was enough to validate the mortgage as against the trustee in bankruptcy of the mortgagor.

*The decree, so far as it affects the sale to the defendant Thomas, is affirmed; and so far as it affects the mortgage to the defendant Fitts, it is reversed, and it is ordered, adjudged and decreed that the injunction against him be and the same is hereby dissolved, and the bill of complaint be dismissed as against him with costs.*