# HUMPHREY *v.* TATMAN.

ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHU-SETTS.

No. 169. Argued March 7, 1905.—Decided April 17, 1905.

Whether the taking possession of after-acquired property within four months of the filing of the petition in bankruptcy, under a mortgage made in good faith prior to that period, is good or is void as against the trustee in bankruptcy, depends upon whether it is good or void according to the law of the State. *Thompson* v. *Fairbanks*, 196 U. S. 516. *Held*, that such a taking is under the circumstances of this case good according to the law of Massachusetts as construed by its Supreme Judicial Court.

THE facts are stated in the opinion.

*Mr. William H. Brown* for plaintiff in error.

*Mr. Charles T. Tatman* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by a trustee in bankruptcy, the defendant in error, to recover an alleged preference. The case was heard on agreed facts, which may be summed up as follows: Davis filed a voluntary petition in bankruptcy on May 23, 1901. Two years before, on May 6, 1899, being then solvent, he executed to the plaintiff in error, Humphrey, a mortgage of his present and after-acquired stock in trade and fixtures, which covered the goods in controversy; but the mortgage was not recorded, and the goods remained in Davis's possession. On April 30, 1901, Humphrey, having reasonable cause to believe that Davis was insolvent, took possession of the goods, in accordance, it fairly is implied, with the terms of the mortgage, although against the wishes and protest of Davis. The defendant in error was qualified as trustee on June 18, 1901, and at once demanded the goods without payment of the mortgage debt. The case went from the Superior Court to the Supreme Judicial Court of the State, and the latter court ordered judgment for the plaintiff, 184 Massachusetts, 361, which was entered below, and thereupon the case was brought here.

It may be assumed in view of the recent decision in *Thompson* v. *Fairbanks*, 196 U. S. 516, that, if the taking possession was good as against the trustee in bankruptcy so far as the Massachusetts law is concerned, it should be held good here. We assume also, without deciding, that if, as against the trustee, the mortgage is to be regarded as first having come into being when the mortgagee took possession, it would be void. In the latter view the anomalous case would be presented of a mortgage of all a man's stock in trade to secure a past debt, executed to one who had reasonable cause to believe that the mortgagor was insolvent and that he was receiving a preference, but executed without intent to prefer on the part of the mortgagor. There would be a preference within the definition in § 60*a*, and the mortgagee would know it, but he

could not be said in a strict sense to have reasonable cause to believe that it was intended to give a preference. We assume, for purposes of decision, that such a case must be regarded as falling within the intent of the act.

The question then is one of Massachusetts law, and unfortunately the decision does not leave us free from doubt upon that point. If hereafter the Supreme Court of the State should adopt a different view from that to which we have been driven this case would cease to be a precedent. The language of the Massachusetts statute is, "unless the property mortgaged has been delivered to and retained by the mortgagee, the mortgage shall not be valid against a person other than the parties thereto until it has been so recorded; and a record made subsequently to the time limited [fifteen days] shall be void." Mass. R. L. c. 198, § 1. There are cases which indicate that an assignee in bankruptcy is a universal successor like an executor or a husband, and so that, as it is put in Lowell, Bankruptcy, § 309, the assignee is the bankrupt. *Phosphate Sewage Co.* v. *Molleson*, 5 Ct. of Sess. Cas. (4th Ser.) 1125, 1138; *Royal Bank of Scotland* v. *Cuthbert*, 1 Rose, 462, 481; *Selkrig* v. *Davies*, 2 Dow, 230, 248; *S. C.*, 2 Rose, 291, 317. So in the Roman law *Bonorum emptor ficto se herede agit.* Gaius, IV, § 35. But it is the settled law of Massachusetts that such a fictitious identity does not satisfy the statute, that the trustee in bankruptcy is "a person other than the parties thereto," and that therefore as against him the mortgage is void. *Bingham* v. *Jordan*, 1 Allen, 373; *Blanchard* v. *Cooke*, 144 Massachusetts, 207, 226; *Haskell* v. *Merrill*, 179 Massachusetts, 120, 124, 125. *Haskell* v. *Merrill* is cited and relied on in the Supreme Court of the State, and we assume that it and the other cases cited still correctly state the law. It is clear under these cases that recording or taking possession after the qualification of the trustee would be too late, and it certainly would seem not illogical to hold that as against him the mortgage was to be treated as non-existent at any earlier date until the things were done which made it good under the

.act. In this case the court speaks of "the proceedings by which the mortgagee obtained his lien, three weeks before the filing of the petition," which at least suggests if it does not adopt the idea that the mortgage then first came into being as against the trustee.

On the other hand the court says in terms that "the defendant's acquisition of possession of the mortgaged property before the commencement of the proceedings in bankruptcy, and before third persons had acquired liens or rights by attachment or otherwise, gave him a title which was good at common law against creditors, and which would have been good against an assignee in insolvency under the statutes of this Commonwealth, or against an assignee in bankruptcy under the United States Bankruptcy Act of 1867." We feel bound, on the whole, to take this as expressing a deliberate attitude of the court on the question under discussion, as undoubtedly that has been its attitude in the past.

In *Briggs* v. *Parkman*, 2 Met. 258 [1841], a messenger in insolvency took possession of the mortgaged property on July 15, at half-past one. At half-past three the mortgage was recorded. The first publication of the notice of issuing the warrant to the messenger was on July 16, and that by the terms of the insolvent law fixed the time when the property passed. It was held that the mortgage was valid as against the assignee in insolvency. In *Mitchell* v. *Black*, 6 Gray, 100 [1856], a similar decision was made as to a bill of sale by way of security, and it was intimated that the law did not interfere with the action of purchasers in perfecting a title under a contract to which there was no legal objection when made. This case was relied on in *Sawyer* v. *Turpin*. 91 U. S. 114, a case like the present, decided as we decide this, and cited by the court below. In *Bingham* v. *Jordan*, 1 Allen, 373 [1861], which decided that the assignee in insolvency was not a "party" within the statute, *Briggs* v. *Parkman* was referred to for its implications in favor of that view, without a hint that the decision was disapproved and seemingly with no

consciousness of inconsistency.   Finally, in *Folsom* v. *Clemence,* 111 Massachusetts, 273 [1873], twelve years after *Bingham* v. *Jordan,* it was held that a mortgage made more than six months before the date of a petition in bankruptcy and recorded within the six months was valid.   This case also betrays no sense of inconsistency with its predecessor and is cited by the Supreme Court of Massachusetts as authority for its last quoted statement of law.   See further *Bliss* v. *Crosier,* 159 Massachusetts, 498.

As the Supreme Court of Massachusetts says that taking possession under the mortgage within four months would be valid as against the trustee in bankruptcy but for supposed peculiarities of the present bankruptcy law, and as *Thompson* v. *Fairbanks,* 196 U. S. 516, although distinguishable from the the present case, decides that it is valid under the present bankruptcy law if good by the laws of the State, it follows that the mortgagee was entitled to keep his goods and that the judgment against him was wrong.

*Judgment reversed.*