## DUFFY v. CHARAK.

### In re JULES & FREDERIC CO.

(Circuit Court of Appeals, First Circuit. November 26, 1912.)

Nos. 970 and 982.

1. CHATTEL MORTGAGES (§ 188*)—DELIVERY OF POSSESSION—CREDITORS.

An agreement between the parties to an unrecorded chattel mortgage on a stock of goods that they should be considered in the possession of a clerk of the mortgagor as agent of the mortgagee did not constitute a delivery to and retention of possession by the mortgagee, necessary to render the mortgage valid as against third persons, under Rev. Laws Mass. c. 198, § 1, when there was no actual change of possession or in the conduct of the business.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 393–404; Dec. Dig. § 188.*]

2. CHATTEL MORTGAGES (§ 198*)—DELIVERY OF POSSESSION—CREDITORS.

Where property covered by an unrecorded chattel mortgage was seized from the possession of the mortgagor under an attachment against him, the possession of the officer while so holding it was exclusive, and the mortgagee could not during such time take possession, in such sense as to sustain his mortgage, without an actual or symbolical delivery by the mortgagor.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 442–449; Dec. Dig. § 198.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from and Petition to Revise Proceedings of the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

In the matter of the Jules & Frederic Company, bankrupt. From an order of the District Court (193 Fed. 533), James H. Duffy appeals and petitions to revise the same. Affirmed on appeal, and petition dismissed.

Charles H. Donahue, of Boston, Mass. (James H. Duffy, of Boston, Mass., on the brief), for appellant.

William Charak, of Boston, Mass., for appellee.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge

COLT, Circuit Judge. We do not think it necessary to add anything in this case to the exhaustive opinion of the court below, which is reported, under the title of In re Jules & Frederic Co., in 193 Fed. 533.

[1] It is stipulated by counsel that the findings of fact disclosed in that opinion shall be accepted on this appeal. Assuming, therefore, the truth of these findings, we fully concur in the conclusion of the District Court that the mortgaged property was never "delivered to and retained by the mortgagee," as provided by Revised Laws Mass. c. 198, § 1. To hold that the possession of Miss Mazur, a clerk in the employ of the mortgagor, was a compliance with the statute, would be, as the court below said, "to enable the parties to practice the very fraud which the statute as to unrecorded mortgages of personal property was intended to prevent."

[2] As to the subsequent possession of the property by the deputy sheriff on a writ of attachment, it is clear that his possession was exclusive under the authorities as applied to the facts of this case. It might have been otherwise if there had been an actual or symbolical delivery of the property subject to the attachment, in which both the mortgagee and the mortgagor took part. In the absence, however, of any such delivery, no title would pass to the mortgagee under the Massachusetts decisions. Dempsey v. Gardner, 127 Mass. 381, 382, 34 Am. Rep. 389; Fettyplace v. Dutch, 13 Pick. (Mass.) 388, 392, 23 Am. Dec. 688; Benjamin on Sales (7th Ed.) p. 725.

We therefore fully concur with the ruling of the District Court that "the deputy sheriff's possession while it lasted was exclusive, and that it continued until the filing of the petition in bankruptcy under which there has been adjudication."

In No. 970, Duffy v. Charak, Trustee, the decree of the District Court is affirmed, and the appellee recovers his costs of appeal.

In No. 982, Duffy, Petitioner, let there be a decree dismissing the petition, with costs to the respondent.