In re HARVEY.

BAXTER v. BEVILL, PHILLIPS & CO. et al.

(District Court, S. D. Alabama. January 31, 1914.)

No. 11.

1. PLEDGES (§ 11*)—ELEMENTS OF PLEDGE—DELIVERY OF POSSESSION.

Delivery of possession of property pledged to the pledgee is essential to give rise to a lien in his favor, which possession must be complete, unequivocal, and exclusive.

[Ed. Note.—For other cases, seé Pledges, Cent. Dig. §§ 28–35; Dec. Dig. § 11.*]

2. BANKRUPTCY (§ 188*)—PLEDGES—VALIDITY.

An agreement to give and deliver a pledge, made in good faith, to secure a present loan or consideration protected by state law, is valid under Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3450), providing that liens given or accepted in good faith and not in contemplation of or fraud of the act, for a present consideration, which have been recorded according to law, if record is necessary in order to impart notice, shall not be affected by the act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

3. BANKRUPTCY (§ 188*)—PLEDGES—LIEN.

The lien of a pledge remains undisturbed when good against both the bankrupt and his creditors immediately preceding the adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

4. BANKRUPTCY (§ 188*)—PLEDGES—VALIDITY.

The title of a pledgee under an ordinary contract of pledge, in the absence of fraud, is good against all the world except creditors who have acquired enforceable liens while the property was in the possession of the pledgor, and on his bankruptcy the property passes to his trustee, subject to the superior title of the pledgee or lienor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

5. PLEDGES (§ 2*)—VALIDITY—WHAT LAW GOVERNS.

The validity of a contract of pledge must be determined by the law of the state where made.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. § 2; Dec. Dig. § 2.*]

6. PLEDGES (§ 11*)—VALIDITY—DELIVERY—TIME.

Where a contract of pledge is invalid because of a failure to deliver the property to the pledgee, possession given the pledgee at any subsequent time will validate the pledge without a new consideration; the delivery being regarded as relating back to the original agreement except as against the rights of intervening creditors who have acquired liens on the property in the meantime.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 28–35; Dec. Dig. § 11.*]

7. BANKRUPTCY (§ 163*)—PLEDGES—VOIDABLE PREFERENCE.

Where state court decisions have held valid agreements to pledge personal property when delivery was not made until after the agreement to give the lien, except as against intervening lien creditors, the delivery of

the property by the debtor subsequent to the agreement to give the lien will not constitute a voidable preference under the bankruptcy law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247, 248; Dec. Dig. § 163.*]

In Equity. Action by H. E. Baxter, as trustee in bankruptcy, of J. A. Harvey, against Bevill, Phillips & Co. and others. Judgment for defendants.

H. H. McClelland, of Mobile, Ala., for complainants.

R. P. Roach, of Mobile, Ala., for respondent.

TOULMIN, District Judge. [1] There must be a delivery of the possession of the property pledged to the pledgee, to give rise to the lien in his favor. Security Warehousing Co. v. Hand, 143 Fed. 32, 74 C. C. A. 186; 22 Am. & Eng. Encyc. of Law (2d Ed.) 853; Casey v. Cavaroc, 96 U. S. 467, 24 L. Ed. 779; Christian v. Atlantic & N. C. Railroad, 133 U. S. 241, 10 Sup. Ct. 260, 33 L. Ed. 589.

Possession is of the essence of a pledge, and without it no privilege can exist against third persons. Authorities, supra. Such possession, to give validity at law to the pledge, must be complete, unequivocal and exclusive by the pledgee.

[2] An agreement to give and deliver a pledge made in good faith, to secure a present loan or consideration, as an advance of money, protected under the law of the state, is valid, and is also within the protection of clause "d," § 67, of the Bankrupt Act. Collier's Bankcy. (9th Ed.) 948, 950.

[3] The lien of a pledge remains undisturbed when good against both the bankrupt and his creditors immediately preceding the adjudication. Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Chesapeake Shoe Co. v. Seldner, 122 Fed. 593, 58 C. C. A. 261.

[4] The title of the pledgee under the ordinary contract of pledge is, in the absence of fraud, good against all the world, except creditors who have acquired enforceable liens against the property while it was in the possession of the pledgor, and upon his bankruptcy passes to his trustee, subject to the superior title of the pledgee or lienor. Collier on Bankcy., 1004, 1005.

[5] The validity of a contract of pledge must be decided by the law of the state where made. Security Warehousing Co. v. Hand, 206 U. S. 415, 27 Sup. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789, 19 Am. Bankr. Rep. 291; Hartford Insurance Co. v. Railroad, 175 U. S. 91, 20 Sup. Ct. 33, 44 L. Ed. 84; In re Pittsburgh Industrial Iron Works Co. (D. C.) 179 Fed. 151; Collier on Bkcy. (9th Ed.) 948; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956; Hurley v. Atchison, Topeka & S. F. Ry. Co., 213 U. S. 126, 29 Sup. Ct. 466, 53 L. Ed. 729.

[6] "Where the contract of pledge is invalid, because of failure to deliver the property to the pledgee, possession given to the pledgee at any subsequent

time will validate the pledge." 22 Am. & Eng. Encyc. of Law (2d Ed.) 855; Remington on Bkcy. § 1370; Nobles v. Christian & Craft Grocery Co., 113 Ala. 220, 20 South. 961; American Pig Iron Storage Warrant Co. v. German, 126 Ala. 238, 239, 28 South. 603, 85 Am. St. Rep. 21.

The agreement to pledge the policy of insurance involved in this cause was not accompanied by its delivery to the pledgees, and was invalid as a pledge for that reason in its inception. There is no question, however, as to the good faith of the parties at the time the agreement· was made. Subsequently (2 or 3 days after the fire occurred) delivery of the policy was made and duly assigned to Bevill, Phillips & Co., pledgees. This was done 17 or 18 days before involuntary bankruptcy proceedings were instituted, but within four months thereof, and while the bankrupt was insolvent. In the absence of the prior agreement to give the pledge, the subsequent surrender of the policy would have constituted a voidable preference. If possession had accompanied the agreement to give the pledge, it would have been valid, though given within four. months of the bankruptcy proceedings, because of contemporaneous consideration moving to the bankrupt for the agreement to make the pledge. The main question here is: Does the subsequent delivery of possession of the policy to the pledgees, though without a new consideration, relate back to the original agreement and have the effect to validate the pledge? The Supreme Court of Alabama has held that subsequent delivery of property agreed to be pledged renders the pledge valid, except as against intervening liens which have attached in the interim. Nobles v. Christian & Craft Grocery Co., 113 Ala. 220, 20 South. 961; American Pig Iron Storage Warrant Co. v. German, 126 Ala. 239, 28 South. 603, 85 Am. St. Rep. 21; In re Automobile Livery Service Co. (D. C.) 176 Fed. 795.

[7] "If the decisions of the state court held valid transactions to create liens in cases in which delivery is made subsequent to the agreement to give the lien, but before the right of intervening creditors has been fastened upon the property, the delivery of the property, under such circumstances, will not constitute an illegal and voidable preference under the bankruptcy law." In re Automobile Livery Service Co. (D. C.) 176 Fed. 795; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956.

I have quoted from, and to a considerable extent used, the language of Judge Grubb in his opinion in the case cited from In re Automobile Livery Service Co. (D. C.) 176 Fed. 795, which is a case analogous to the case under consideration. Although they are different as to some of their facts, the rules of law in regard to pledges are involved in both cases.