# DUFFY *v.* CHARAK, TRUSTEE IN BANKRUPTCY OF JULES & FREDERIC COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 120.   Argued January 14, 1915.—Decided January 25, 1915.

A taking possession by the mortgagee of the personal property under the power contained in the mortgage is a delivery that satisfies the requirements of the Massachusetts statute in regard to the delivery of goods sold or mortgaged unless recorded.

Goods under attachment may be sold or mortgaged upon notice to the officer, as effectively as though a true delivery took place.

The holder of a recorded mortgage on personal property in Massachusetts, made within four months of the petition, took possession under the power contained in his mortgage after the sheriff had levied under an attachment, and the next day the petition was filed. *Held* that the mortgagee was entitled to his security to the extent that

the mortgage represented cash advanced at the time it was given.

No order having been made in the bankruptcy court as to whether the lien of the attachment should be preserved for the benefit of the estate, the case is sent back to that court without prejudice to further action on that point.

200 Fed. Rep. 747, reversed.

THE facts, which involve the validity of a chattel mortgage and the lien thereof on goods of the bankrupt, are stated in the opinion.

*Mr. James H. Duffy pro se.*

*Mr. William Charak pro se.*

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a proceeding by a trustee in bankruptcy to obtain the surrender of the proceeds of goods in possession of the appellant and sold by him under an agreement with the trustee, without prejudice to the rights of the parties in the property. The petition in bankruptcy was filed on May 26, 1909. The appellant claims under a mortgage to him for $5675, made on March 2, 1909, but admits that $4175 of this sum was a preëxisting debt and claims only $1500, lent on the day when the mortgage was given. The mortgage was not recorded, and on May 24, 1909, the goods were attached by a third person, the shop where they were was closed and no more business was done. Afterwards on the same day the mortgagee put in a keeper subject to the possession of the sheriff's officer. On May 25 he notified the deputy sheriff of his claim and also gave notice to the bankrupt that the property was in his possession and that he intended to foreclose. The latter notice was recorded on May 26, after the filing of the petition in bankruptcy on that day. Under the Massachusetts laws the unrecorded mortgage was invalid

against others than the parties unless the property was
delivered to and retained by the mortgagee, Rev. Laws,
c. 198, § 1. The District Court and the Circuit Court of
Appeals held the mortgage void on the ground that the
deputy sheriff's possession was exclusive and that there-
fore what was done by the mortgagee on May 24 and 25
had no effect. 193 Fed. Rep. 533.. 200 Fed. Rep. 747;
119 C. C. A. 191. The main question before us is whether
this ruling is right.

We may assume that the trustee in bankruptcy is not a
party within the meaning of the Massachusetts act.
For although there have been decisions by the courts of
the United States that the assignee under former acts is
the bankrupt, that is to say that he is a universal successor
who like the executor represents the person of him to
whom he succeeds, the Supreme Court of the State has
established the construction of the Massachusetts statute.
*Humphrey* v. *Tatman,* 198 U. S. 91, 93. *Haskell* v. *Merrill,*
179 Massachusetts, 120, 124. *Clark* v. *Williams,* 190
Massachusetts, 219, 223. We assume on the other hand
that if possession was delivered and retained, within the
meaning of the act, at any time before the bankruptcy,
the title of the mortgagee will be good. *Blanchard* v.
*Cooke,* 144 Massachusetts, 207, 227. *Keepers* v. *Fleitmann,*
213 Massachusetts, 210, 211. *Humphrey* v. *Tatman, supra.*
Moreover a taking possession under the power in the
mortgage is a delivery that satisfies the statute. *Keepers*
v. *Fleitmann, supra.* So the issue is narrowed to the precise
point of the ruling below.

. We agree that the possession of the deputy sheriff was
exclusive and that there cannot be two possessions prop-
erly so called at the same time. But that which would be
deemed a delivery sufficient to make a sale good as against
attaching creditors, also satisfies the statute. *Clark* v.
*Williams,* 190 Massachusetts, 219, 222. *Wright* v. *Tetlow,*
99 Massachusetts, 397, 400. And it is familiar that what

is called a change of possession may be accomplished when the goods are in the hands of a third person claiming a lien. *Hallgarten* v. *Oldham*, 135 Massachusetts, 1, 9, 10. *Union Trust Co.* v. *Wilson*, 198 U. S. 530, 536. Accordingly goods under attachment may be sold or mortgaged upon notice to the officer, as effectively as if a true delivery took place. *Grant* v. *Lyman*, 4 Met. 470, 477. *Mann* v. *Huston*, 1 Gray, 250, 253. *Clark* v. *Williams, supra.* The acts of the appellant had the same effect as if the mortgagor had been present and assenting, *Keepers* v. *Fleitmann*, 213 Massachusetts, 210, and we see in the attachment no sufficient ground for denying him his security. The mortgage embraced after acquired property with power of sale and substitution in the mortgagor, but we assume that it was good under Massachusetts law. *Blanchard* v. *Cooke*, 144 Massachusetts, 207. *Thompson* v. *Fairbanks*, 196 U. S. 516.

Whether or not the lien of the attachment should be preserved for the benefit of the estate, and whether it still is open to the Bankruptcy Court to make an order to that effect if on due notice it should deem just, is not before us. No such order has been made. The decree will be reversed without prejudice to further action upon that point.

*Decree reversed.*