## Petition of POST.

## In re ROBERT JENKINS CORPORATION.

(Circuit Court of Appeals, First Circuit. February 19, 1927.)

### No. 2034.

1. **Bankruptcy ⟺184(1)—Validity of bankrupt's pledge of future accounts receivable is governed by local law.**

   Validity of bankrupt's assignment of future accounts receivable as security for loan is governed by local law.

2. **Chattel mortgages ⟺124, 198—Mortgages ⟺131—Mortgagee's taking possession of after-acquired property relates back to mortgage date, if rights of third persons have not intervened.**

   Under Massachusetts law, taking of possession by mortgagee of after-acquired property in assertion of a right previously given confers title, which relates back to date of mortgage, if rights of third persons have not intervened.

3. **Chattel mortgages ⟺18—Mortgages ⟺13 —Mortgage of after-acquired property is valid in Massachusetts, though mortgagor retains possession.**

   In Massachusetts, mortgage of after-acquired property is valid though mortgagor retains possession, and mortgagee, who takes possession before rights of third persons have intervened and before filing of petition in bankruptcy, has valid title to such mortgage.

4. **Bankruptcy ⟺163—Notice of assignment of accounts receivable, given debtors under assignment made within four months before bankruptcy, gave legal title relating back to original assignment more than four months before bankruptcy (Bankruptcy Act, § 60b [Comp. St. § 9644]).**

   Where bankrupt, more than four months before bankruptcy, assigned future accounts receivable to secure a loan, without giving any statement specifying accounts, and no notice of assignment was given by assignee to debtors, assignee acquired equitable title to accounts, and bankrupt's subsequent assignment of accounts to assignee within four months of bankruptcy, with notice to debtors named in schedule attached thereto, gave assignee legal title, which related back to original assignment, as against contention that it constituted an unlawful preference, within Bankruptcy Act, § 60b (Comp. St. § 9644).

Petition to Revise Proceedings in the District Court of the United States for the District of Massachusetts.

In the matter of the Robert Jenkins Corporation, bankrupt. Anthony C. Post petitions to revise in matter of law a decree of the District Court (11 F.[2d] 979), affirming an order of the referee in bankruptcy disallowing petitioner's claim as an unlawful preference. Reversed and remanded.

Arthur P. Gay, of Boston, Mass., for petitioner.

Bernard W. Berkowitch, of Boston, Mass., for respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is a petition to revise in matter of law, under section 24b of the Bankruptcy Act (Comp. St. § 9608), a decree of the District Court of Massachusetts affirming an order of the referee in bankruptcy, to whom the claim of the petitioner was referred.

The facts briefly stated are these:

The petitioner loaned to the Robert Jenkins Corporation $1,000 on November 15, 1922, and, with the note of the corporation, received the following written statement:

"In consideration of loan of one thousand dollars ($1000.00), we herewith pledge the accounts receivable as may appear on the ledgers of the Robert Jenkins Corporation at any time, without reserve, to Anthony C. Post."

On October 4, 1923, he made another loan of $4,894.83 to the corporation and received a written statement like the former in all respects, except as to date and amount, and also five notes, for $1,000 each, payable in one, two, three, four, and five months, respectively. No statements of the accounts due the corporation at either date were given to the claimant, nor did he notify any of the debtors of the corporation that its claims against them had been assigned or pledged to him, and it appears from the record that the corporation collected them as they fell due and used the proceeds of these collections for its own purposes.

About the 1st of December, 1923, and also of January, February, March, and April, 1924, the claimant received the following assignment in writing from the corporation: "Know All Men by These Presents:

"That Robert Jenkins Corporation, a corporation duly established under the laws of the commonwealth of Massachusetts, and having its usual place of business in Boston, Massachusetts, in consideration of forty-six hundred ($4,600) dollars paid by Anthony C. Post, of Roslindale, Suffolk county, commonwealth aforesaid, the receipt whereof is hereby acknowledged, does hereby sell, assign, transfer and set over unto the said Anthony C. Post all and whatsoever sum or sums of money now due or becoming due it from the various persons, partnerships and corporations as set forth in schedule hereto attached, and to become a part hereof, to have and to hold the same to the said Anthony C. Post

with full power to collect same in its name and as its attorney hereunto authorized to its own use; and the said Anthony C. Post is also authorized and empowered by power of attorney irrevocable, except as otherwise stated herein, to collect the said sum or sums of money represented by said accounts and to sue therefor in his own name, it being expressly understood, however, that this assignment of accounts is given to the said Anthony C. Post as collateral security for the payment of loans as represented by notes for the aggregate sum of forty-six hundred ($4,-600) dollars, and signed by the said Robert Jenkins Corporation, and that said sum or sums as collected shall be applied toward the payment of said notes.

"And the said Robert Jenkins Corporation further agrees to give and render all aid and assistance in its power to enable the said Anthony C. Post to collect or sue for said sums as aforesaid."

Accompanying or annexed to this assignment was a schedule of accounts due the corporation at the date of each assignment. The agreed statements of facts disclosed that a payment of $500 was made to the petitioner on February 4, 1924, and also of the same sum on March 4th following, which paid the balance due upon the $1,000 note dated October 4, 1923.

It is agreed that the corporation was insolvent as early as March 25, 1924, and that the petitioner then had reasonable cause to believe this. When a statement of accounts was given him on April 1, 1924, with a schedule of the debts then due the corporation, he for the first time gave notice to the persons who owed these claims that they had been assigned to him, and authorized his son, Walter A. Post, who was treasurer of the corporation, and one Cooley, to collect for him the accounts appearing in the schedule annexed to the assignment then given him. With the payment of small sums made directly to him by debtors, amounting to $45.20, he received from these assigned accounts $1,-877.83. Upon these accounts the treasurer and Cooley collected $1,103.40, which was used by the corporation in payment of wages and for purchase of merchandise, but without the knowledge of the petitioner.

On April 9, 1924, the corporation filed a petition in bankruptcy, and it must be conceded that the assignment of April 1, 1924, given to secure the payment of prior indebtedness, was invalid under section 60b of the Bankruptcy Act (Comp. St. § 9644), unless the acts of the petitioner constituted the taking of possession under the right given by the prior assignments of November 15, 1922, and October 4, 1923. By these assignments he acquired an equitable title to "the accounts receivable as may appear on the ledgers of the Robert Jenkins Corporation at any time, without reserve," and by the assignment of April 1, 1924, he acquired the legal title to them, this assignment and his acts under it constituting a taking of possession on his part, so that he occupied the same position as a mortgagee of after-acquired property who, before the rights of third parties have intervened, takes possession of such property.

[1] The law of Massachusetts governs the rights of the parties as it does in the case of a mortgage of after-acquired property, the rights under which have been definitely determined to be a matter of local law. Thompson v. Fairbanks, 196 U. S. 516, 522, 25 S. Ct. 306, 49 L. Ed. 577; Hiscock v. Varick Bank, 206 U. S. 28, 38, 27 S. Ct. 681, 51 L. Ed. 945.

[2] It has been held that, under Massachusetts law, the taking of possession by the mortgagee of after-acquired property in the assertion of a right previously given confers a title which relates back to the date of the mortgage if the rights of third parties have not intervened. Humphrey v. Tatman, 198 U. S. 91, 25 S. Ct. 567, 49 L. Ed. 956.

The learned judge of the District Court has held that Taylor v. Barton Child Co., 228 Mass. 126, 117 N. E. 43, L. R. A. 1918A, 124, and Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991, rule this case.

In the former no possession was taken by the assignee prior to the filing of the petition in bankruptcy, and the decision there was that the assignee of future book accounts did not have a valid title to them against a trustee in bankruptcy.

In speaking of a book account as property the court there said:

"While some of its incidents differ from those of a tangible thing, these are not sufficient to warrant the application to it of principles of law different in the respect here involved from those governing transactions concerning property with a physical and tactile body."

In Benedict v. Ratner, supra, the court held that a transfer of property as security for debt, which reserved to the transferor the right to dispose of property or to apply its proceeds for his own use, is fraudulent and void as to creditors by the law of New York.

[3] Under the law of Massachusetts, however, a mortgage of after-acquired property

is valid, although the mortgagor retains possession, and the mortgagee, who takes possession before rights of third parties have intervened and before the filing of a petition in bankruptcy, has a valid title to such property.

In Massachusetts Trust Co. v. MacPherson, 1 F.(2d) 769, this court held that the taking of possession within four months prior to bankruptcy under a right acquired more than four months prior thereto, did not constitute an unlawful preference and that the transferee's right to possession having been acquired more than four months prior to bankruptcy, his taking possession related back and took effect when the right accrued. [4] The assignment of April 1, 1924, and the notice given to debtors named in the schedule attached to it conferred upon the petitioner the legal title to the claims it contained, which related back to the date of the original assignments that had been given and the agreement was not, as the District Court has held, an independent assignment of accounts annexed to it, which, having been made within four months of bankruptcy to secure a pre-existing debt, was an unlawful preference.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the petitioner in this court.