### GOLDSTEIN v. RUSCH et al.

District Court, S. D. New York.
Aug. 12, 1931.

dise comes into the possession of Horowitz he shall receive same only as trustee for, and agrees to turn same over forthwith to Rusch, and/or to secure the monies owing to the satisfaction of Rusch." The agreement was never filed or recorded.

Under this agreement, the defendants made loans to the bankrupt against assigned accounts. From time to time, merchandise was returned by customers and was kept at the bankrupt's place of business. The testimony is that it was the practice of the bankrupt to report to the defendants such returns, and to sell the merchandise as his own after reconditioning it, assigning new accounts to the defendants in place of such returned goods. On August 27, 1929, one day before the filing of the involuntary petition against him, the bankrupt informed the defendants that he had heard that creditors were about to file a petition in bankruptcy against him. At the same time he told the defendants that he had at his place a large quantity of returned merchandise. The defendants immediately sent a truck, and removed a quantity of merchandise from the bankrupt's premises. The proof is not altogether clear that the goods taken by the defendants were the identical goods returned by customers. The special master found that there was an identity, and I will accept this finding.

The trustee in bankruptcy brought this suit to recover the value of the merchandise so taken by the defendants, alleging that the transaction amounted to a voidable preference. The case was referred to a special master who has reported in favor of the trustee. I am in accord with his conclusions.

There are only two questions in the case: First, did the defendants have a valid lien on the returned merchandise prior to taking possession of it one day before bankruptcy; and, second, if not, did the act of taking possession relate back either to the date of the agreement or to the date (unknown in this case) when the bankrupt reacquired the goods? If both of these questions must be answered in the negative, then every element of a voidable preference is present. The defendants took the goods as security for an antecedent indebtedness, within four months of the filing of the petition, at a time when the bankrupt was insolvent; and the defendants unquestionably were aware of his insolvent condition.

█ 1. I have no doubt that there was no lien valid against the trustee in bankrupt-

Benjamin I. Sperling, of New York City, for complainant.

Jacobs & Blumenstiel, of New York City (Albert Blumenstiel, of New York City, of counsel), for respondents.

ROBERT P. PATTERSON, District Judge.

Application is made to confirm the report of a special master.

The bankrupt sold wearing apparel. In September, 1928, he entered into a written agreement with the defendants, whereby the latter were to loan him sums of money from time to time against the security of assigned accounts receivable. One paragraph of the agreement was to the effect that merchandise returned by customers whose accounts had been assigned "is hereby transferred to Rusch as security for monies owing to Rusch to whom is hereby given a lien on said merchandise, * * * and if any such merchan-

cy before possession was taken. In so far as the agreement purported to give a lien or security title on returned goods, it was void because it was never filed. New York Lien Law (Consol. Laws, c. 33) § 230. The defendants derive no advantage from viewing the agreement as one to create a pledge of such goods, because of lack of delivery to them as pledgees. In this aspect, the case is governed by the recent decision of the Circuit Court of Appeals of this circuit in Re Bernard & Katz, 38 F.(2d) 40, where the court had before it a similar agreement, and held that it gave the lenders no valid lien on returned merchandise as against the trustee in bankruptcy.

2. The defendants point to the fact, not present in Re Bernard & Katz, supra, that they took possession before bankruptcy, and urge that this fact perfects their lien as against the trustee in bankruptcy. Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577; Humphrey v. Tatman, 198 U. S. 91, 25 S. Ct. 567, 49 L. Ed. 956, and many other cases cited to the effect that the taking of possession of after-acquired property within four months of bankruptcy, under an unfiled chattel mortgage made prior to that period, is not a voidable preference, irrespective of the mortgagor's insolvency and the mortgagee's knowledge of that fact when he took possession. These cases do so hold, but in each instance the court pointed out that the effect to be given to such possession depended entirely upon the state law. See Thompson v. Fairbanks, supra, at page 522 of 196 U. S., 25 S. Ct. 306, 49 L. Ed. 577, applying the law of Vermont; Humphrey v. Tatman, supra, at page 93 of 198 U. S., 25 S. Ct. 567, 49 L. Ed. 956, applying the law of Massachusetts. See, also, Duffy v. Charak, 236 U. S. 97, 35 S. Ct. 264, 59 L. Ed. 483; Benedict v. Ratner, 268 U. S. 353, 359, 45 S. Ct. 566, 69 L. Ed. 991.

■ The law of New York is, that where a chattel mortgage is void as against the mortgagor's creditors or trustee in bankruptcy for want of record and change of possession, the mortgagee does not improve his position or acquire a valid lien by taking possession later on, when he knows of the mortgagor's insolvency. There is no relation back to the time when the mortgage was executed. In this respect, the law of New York differs from that of Vermont and Massachusetts. Stephens v. Perrine, 145 N. Y. 476, 39 N. E. 11; Zartman v. First National Bank, 189. N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083; In re Steffens (C. C. A.) 31 F.(2d) 660, 63 A. L. R. 589.

■ It is plain therefore that the defendants acquired a lien on these returned goods for the first time on August 27, 1929, one day before the filing of the petition. They then knew of the debtor's financial condition, and their taking of the merchandise was a voidable preference.

In cases of this type, where an assignee of book accounts seeks also to take a lien on goods returned to the assignor by customers, there is always the peril to the assignee that the unrestricted use of the returned goods by the assignor may invalidate the entire security, even where the lien is in other respects a perfect one. See Lee v. State Bank & Trust Co. (C. C. A.) 38 F.(2d) 45. In the present case, the evidence is that it was the practice for the bankrupt to substitute new accounts whenever he used the returned goods. He did not therefore have unfettered dominion over the merchandise, and the lien of the defendants was not rendered void on this ground. In re Bernard & Katz, supra.

The special master's report will be confirmed, and a decree may be entered in favor of the plaintiff.