## In re DULBERG.
### No. 21969.

District Court, E. D. New York.
July 16, 1932.

Alexander Levine, of New York City, for petitioning creditors.

Joseph Frank, of New York City, for Isidore Rosenwasser.

GALSTON, District Judge.

On December 15, 1931, the bankrupt borrowed from one Isidore Rosenwasser $2,000, and agreed to repay the sum by making weekly payments at the rate of $100. He assigned, as security for the debt, accounts due or to become due, as listed in the schedule attached to the agreement. The agreement recited that Rosenwasser was empowered to collect the accounts. Meanwhile the borrower was "appointed the agent of the party of the second part (i. e. Rosenwasser) for the purpose of collecting for the benefit of the party of the second part all sums paid in upon any and all of the accounts hereto annexed and made a part hereof, and out of such moneys received by him, shall pay to the party of the second part one hundred ($100) dollars per week with interest as aforesaid, and shall retain any moneys received upon any and all of the accounts in excess of one hundred ($100) dollars per week as agent for the party of the second part as a reserve for future payments."

On the basis of the foregoing agreement, the receiver sought an order from this court declaring that those assigned accounts belonged to the bankrupt's estate free and clear of any lien, and restraining Rosenwasser from interfering with the collection thereof. The matter was referred to a referee, who reported that the receiver was entitled to the relief sought on the ground that the bankrupt continued to exercise dominion and control over the assigned accounts. The referee cited, as supporting his view, Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 567, 69 L. Ed. 991, and Lee v. State Bank & Trust Co. (C. C. A.) 54 F.(2d) 518, 519.

The agreement between the parties contemplated, as appears on its face, not an assignment for antecedent debts, but security for a loan made at the time of the execution of the assignment. It seems to me to be readily distinguishable from Benedict v. Ratner, cited. In that case the assignment was made in part for an antecedent loan; and, secondly, although the receivables were to be collected by the company, and the lender was given the right to demand a full disclosure of the business and financial conditions and to require that amounts collected be applied in payment of his loans, Justice Brandeis said: "But until he did so, the company was not required to apply any of the collections to the repayment of Ratner's loan. It was not required to replace accounts collected by other collateral of equal value. It was not required to account in any way to Ratner. It was at liberty to use the proceeds of all accounts collected as it might see fit."

Such was not the agreement in the present case. On the contrary, the bankrupt was not permitted to mingle the collected funds with his own. If words mean anything, the agreement constituted him a fiduciary agent. A violation of that trust was fraught with peril.

In Lee v. State Bank & Trust Company, cited, the agreement provided that, if part

of the goods covered by the assignment account was returned, the bankrupt was to "receive the same in trust for the said The State Bank under advice to them and surrender it, or the proceeds thereof if sold, upon demand." And Judge Swan said: "But, despite these written words to the contrary, if the real agreement of the parties reserved to the pledgor dominion over returned goods, this would invalidate the entire assignment under the doctrine of Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991."

In the case at bar, however, the proofs taken at the hearing before the referee fail to disclose that the debtor exercised such dominion over the pledged accounts as fell within the ban in Benedict v. Ratner. Indeed, the contrary affirmatively appears. The accounts assigned by the bankrupt were represented by notes and mortgages, and these notes and mortgages were delivered to Rosenwasser. It is true that the mortgages were not recorded by him, but he had the power so to do. The bankrupt kept a separate account of the moneys collected from these accounts. This account of moneys thus collected was shown by the bankrupt to Rosenwasser, on request.

I am unable to find myself in accord with the conclusion of the referee. Certainly there is enough presented to show that Rosenwasser held something more than a colorable title; and this court would not be justified in granting the relief sought in this summary way.

Perhaps, if a trustee is elected, he may deem it advisable to institute a plenary suit.

This motion is denied without prejudice to the institution of such a suit.