### NOLEN v. WARE TRUST CO.
### No. 3965.

District Court, D. Massachusetts.
Feb. 8, 1935.

Nathan J. Saltzman, of Springfield, Mass., for plaintiff.

David H. Keedy, of Springfield, Mass., for defendant.

McLELLAN, District Judge.

The trustee in bankruptcy of the Ironide Foundry, Inc., seeks an accounting and the recovery of certain sums received by the defendant which are alleged to have constituted voidable preferences.

The involuntary petition in bankruptcy was filed November 28, 1933, and during the period of four months prior thereto, the Ironide Foundry, Inc., was insolvent. During this period, the defendant made approximately forty loans to and received from the bankrupt approximately forty promissory notes. Each of such notes was accompanied by the assignment as security therefor of accounts receivable by the bankrupt from its customers. A typical note and assignment is hereto appended and incorporated herein by reference. It was agreed between the bankrupt and the defendant that the assigned receivables constituted security for the bankrupt's indebtedness, and it was contemplated that the amount of the notes should not exceed 80 per cent. of the value of the receivables. Every note and assignment delivered to the defendant within the four months before the filing of the petition was accompanied by an advance to the bankrupt of the amount of such note. The understanding between the parties was that the assigned accounts should be collected by the assignor as agent and by it deposited promptly in the defendant's bank and applied to the discharge of the bankrupt's indebtedness. The accounts were collected by the bankrupt, the proceeds thereof deposited to the bankrupt's account, and the defendant, either on the day of the deposit or the next morning, charged the bankrupt's checking account and credited upon the bankrupt's notes the proper amount of the proceeds of the assigned accounts.

The amounts of the notes, their dates, the consideration for each of them, the amounts and dates of the deposits of the proceeds of assigned accounts, and the amounts applied by the defendant on account of the bankrupt's indebtedness are as stated in the defendant's answer to interrogatory 6. This answer, as to all its forty subdivisions, is found to be true.

Notwithstanding Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 691, on which the plaintiff relies, and in which the rights of the parties were stated to have depended primarily upon the law of New York as to the validity of assignments of accounts receivable, the circumstances in the case at bar do not establish a voidable preference. In the Benedict Case, the receivables were not only to be collected by the assignor, but it was at liberty to use the proceeds of all accounts collected as it might see fit. In the case at bar, the contract between the parties required a prompt deposit with the defendant of the proceeds of the assigned accounts and contemplated the prompt credit of the amounts deposited to the bankrupt's indebtedness. It may well be doubted whether, even in New York, the instant transactions are open to successful attack. In re Dulberg (D. C.) 60 F.(2d) 601. The assignments of the then existing accounts were valid here, and a present consideration having been furnished when the security was taken, no voidable preference resulted either from the assignments or from the subsequent receipt by the defendant of the proceeds of the accounts assigned. Petition of Post (C. C. A.) 17 F.(2d) 555; Beacon Trust Company v. Dolan (C. C. A.) 27 F.(2d) 247; Parker v. Meyer (C. C. A.) 27 F.(2d) 556; In re Almond-Jones, Inc. (D. C.) 13 F.(2d) 152; Robertson v. Hennochsberg (D. C.) 1 F.(2d) 605.

Let a decree be entered dismissing the bill with costs.

### Typical Note.

$365.00          Ware, Mass., October 14, 1933

On demand after date, without grace, for value received we promise to pay to the order of the Ware Trust Company at its office in Ware, Mass. three hundred sixty five Dollars & Int having deposited with said Ware Trust Company as Collateral Security for the payment of this or any other liability or liabilities of the undersigned, to said Company, due or to become due, direct or contingent, now existing or hereafter arising, the following property, viz: Assigned accounts total 456.65 and grant to the said Company, the right, should the value of said security in the judgment of the President or Treasurer of said Company at any time be or become insufficient,

to call for additional security, satisfactory in amount to said Company.

And on failure to supply the amount of security so demanded, on the first or any subsequent call, or on the execution of a general assignment for the benefit of creditors by the undersigned, or on the insolvency, the bankruptcy, or the failure in business of the undersigned, or on the non-payment of any of the above mentioned liabilities when they respectively become payable, this obligation and all of the other above mentioned liabilities shall forthwith become due and payable, without demand or notice.

And full power and authority is hereby given to said Company to sell, assign and deliver the whole of said property or any part thereof, or any substitutes therefor, or any additions thereto, at any Broker's Board, or any public or private sale at the option of said Company or if its President or Treasurer, whenever in the judgment of the President or Treasurer of said Company, the value of the said securities shall fall to within ten per cent above the total amount of the above mentioned liabilities to said Company, or at any time or times thereafter or on any of the above mentioned liabilities becoming due, or on any of the hereinafter mentioned costs or expenses being incurred, without demand, advertisement or any notice to the undersigned or any other person; and the said Company shall have the right to be a purchaser itself at any such sale of any of the property so held by it as security, and at the sale of any property held as security for any promissory note or obligation so held by it as security, and shall hold the property so purchased free from any trust or right of redemption. And after deducting all costs and expenses incurred for such sale or delivery or the collection of any of said liabilities by suit or otherwise, or the realizing on or protection of any of the property so held as security whether incurred before or after such sale, said Company shall apply the residue of the proceeds of such sale or sales so to be made to the payment of any of the above mentioned liabilities to said Company as its President or Treasurer shall deem proper, returning the overplus, if any, to the undersigned.

And the said Company is hereby given a lien for the amount of all the above mentioned liabilities and costs and expenses, upon any balance of the deposit account of the undersigned with the said Company with full power and authority to apply the same or any other money now or hereafter in its hands, to the credit of or belonging to the undersigned to the payment of any of the above mentioned liabilities, costs or expenses, at any time, whether then due or to become due, as its President or Treasurer shall deem proper.

The Ironide Foundry, Inc.

(Corporate Seal),

By Herbert C. Splane Treas.

### Typical Assignment.

Know all men by these presents, that The Ironide Foundry Inc. for value received, have bargained, sold, assigned and transferred unto, and by these presents do bargain, sell, assign and transfer unto the Ware Trust Company, Ware, Massachusetts, its successors or assigns the following claims or accounts for goods sold and delivered by us, or for services rendered.

| | |
|---|---:|
| Warren Steam Pump Co | $170.00 |
| Warren Steam Pump Co | 43.93 |
| Worcester Wire Works | 119.70 |
| R. Gillispie Co. | 10.22 |
| Reed Buttonhole Mach. Co | 112.80 |
| | $456.65 |

Itemized statements of said claims or accounts are attached hereto.

To have and to hold same to the said Ware Trust Company, its successors and assigns forever with power irrevocable to collect the sums in its own name, and to its own use, and we hereby covenant to and with the said assignee that said claims or accounts are justly due and owing to us, and that there are no set-offs, counter claims or defenses to the same; and that we will render all necessary assistance in collecting same.

In witness whereof The Ironide Foundry here unto sets its corporate seal this 14th day of October 1933

The Ironide Foundry, Inc.

(Corporate Seal),

By Herbert C. Splane, Treas.